

1999 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-22-1999

# United States v. McKenzie

Precedential or Non-Precedential:

Docket 98-5490

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_1999

Recommended Citation

"United States v. McKenzie" (1999). *1999 Decisions.* Paper 260.
http://digitalcommons.law.villanova.edu/thirdcircuit_1999/260

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 1999 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

Filed September 22, 1999

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 98-5490

UNITED STATES OF AMERICA

v.

DAVID CHRISTOPHER MCKENZIE,

      Appellant

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Crim. No. 98-00303)
District Judge: Honorable Jerome B. Simandle

Submitted under Third Circuit LAR 34.1(a)
September 17, 1999

BEFORE: GREENBERG, SCIRICA, and RENDELL,
Circuit Judges

(Filed: September 22, 1999)

        Faith S. Hochberg
        United States Attorney
        George S. Leone
        Maureen A. Ruane
        Office of the United States Attorney
        970 Broad Street
        Room 700
        Newark, NJ 07102

       Attorneys for Appellee

Lisa C. Evans
Julie A. McGrain
Office of Federal Public Defender
800 Hudson Square
Suite 350
Camden, NJ 08102

 Attorneys for Appellant

OPINION OF THE COURT

GREENBERG, Circuit Judge.

I. INTRODUCTION

This matter is before this court on an appeal from a judgment of conviction and sentence entered on November 4, 1998, in the district court. The appellant, David Christopher McKenzie, pleaded guilty to an indictment charging him with a violation of 8 U.S.C. SS 1326(a) and (b)(2) by knowingly and willfully re-entering the United States after being deported subsequent to his conviction for commission of an aggravated felony. The district court sentenced McKenzie to a term of 41 months imprisonment to be followed by a two-year term of supervised release.

The background of the case is as follows. McKenziefirst entered the United States from Jamaica in 1986. On April 17, 1990, McKenzie was convicted in the Circuit Court of Prince George's County, Maryland, for felony possession of crack cocaine with the intent to distribute it. The state court sentenced McKenzie to a three-year term of imprisonment to be followed by a three-year term of probation. The court, however, suspended two years and three months of the prison term. On October 26, 1996, McKenzie was arrested in the District of Columbia and charged with possession of an unlicensed and unregistered pistol and possession of ammunition. McKenzie, however, was not prosecuted for these alleged offenses as the government instead instituted proceedings against him leading to his deportation to Jamaica on June 3, 1997.

2

The events leading directly to this prosecution may be traced to May 8, 1998, when McKenzie arrived at Newark International Airport on a flight from Jamaica with an altered passport in someone else's name. McKenzie admitted to the immigration officers that he was not the owner of the passport, and that he had been deported for drug and weapons offenses. The prosecution culminating in this appeal followed.

Pursuant to U.S.S.G. S 2L1.2 the district court calculated McKenzie's total offense level as 21, which, with a criminal history category of II, yielded a sentencing range of 41 to 51 months. The computations were as follows. First, U.S.S.G. S 2L1.2(a) established a base offense level of 8. Then there was a 16-level increase pursuant to U.S.S.G. S 2L1.2(b)(1)(A) because of McKenzie's conviction for an aggravated felony. Thus, McKenzie's adjusted offense level was 24. The court, however, made a 3-level reduction in calculating the total offense level for acceptance of responsibility pursuant to U.S.S.G. SS 3E1.1(a) and (b). McKenzie does not object to any of these calculations.

McKenzie, however, requested a 2-level downward departure pursuant to Application Note 5 to U.S.S.G. S 2L1.2, which provides that:

> Aggravated felonies that trigger the adjustment from subsection (b)(1)(A) vary widely. If subsection (b)(1)(A) applies, and (A) the defendant has previously been convicted of only one felony offense; (B) such offense was not a crime of violence or firearms offense; and (C) the term of imprisonment imposed for such offense did not exceed one year, a downward departure may be warranted on the seriousness of the aggravated felony.

It is that request that brings us to the crux of this appeal as the district court held that the application note was inapplicable because, notwithstanding the partial suspension of sentence, the circuit court imposed a term of imprisonment exceeding one year for the crack cocaine offense. We exercise plenary review on this appeal involving the interpretation of the sentencing guidelines. See, e.g., United States v. Huff, 873 F.2d 709, 713 (3d Cir. 1989).

3

## II. DISCUSSION

McKenzie's argument is not complicated. He points to U.S.S.G. SS 4A1.2(b)(1) and (2) which provide that "[t]he term `sentence of imprisonment' means a sentence of incarceration and refers to the maximum sentence imposed" but that "[i]f part of a sentence of imprisonment was suspended, `sentence of imprisonment' refers only to the portion that was not suspended." The difficulty with McKenzie's position is, however, obvious as U.S.S.G S 4A1.2(b) defines "sentence of imprisonment" for purposes of computing a defendant's criminal history category, a subject not at issue in this case. Thus, U.S.S.G. S 4A1.2(b), which we emphasize refers to "sentence of imprisonment" rather than "term of imprisonment" as used in Application note 5, is not implicated here.

What is implicated here is 8 U.S.C. S 1101(a)(48)(B) which provides that "[a]ny reference to term of imprisonment or a sentence with respect to an offense is deemed to include the period of incarceration or confinement ordered by a court of law, regardless of any suspension of the imposition or execution of that imprisonment or sentence or execution of that imprisonment or sentence in whole or in part." Application Note 1 to U.S.S.G. S 2L1.2, which defines terms for "purposes of [that] guideline," incorporates the definition of aggravated felony in the last paragraph of 8 U.S.C. S 1101(a)(43) which uses the phrase "term of imprisonment" as defined in 8 U.S.C. S 1101(a)(48)(B).

As we have indicated, McKenzie pleaded guilty to a violation of 8 U.S.C. S 1326 because he re-entered the United States after his conviction for an aggravated felony. Inasmuch as U.S.S.G. S 2L1.2 implements 8 U.S.C. S 1326, it follows inexorably that within the meaning of Application Note 5 McKenzie was convicted of an aggravated felony in which the term of imprisonment did exceed one year. Consequently, the district court interpreted the guidelines correctly. Finally, we point out that our result is in accord with United States v. Chavez-Valenzuela, 170 F.3d 1038, 1039-40 (10th Cir. 1999), which the parties indicate is the only published opinion directly on point.

4

III. CONCLUSION

For the foregoing reasons the judgment of conviction and sentence entered November 4, 1998, will be affirmed.

A True Copy:
Teste:

        Clerk of the United States Court of Appeals
        for the Third Circuit

5