# UNITED STATES of America, Appellant,

v.

## Ignacio TEJEDA–PEREZ, Appellee.

### No. 99–2302.

United States Court of Appeals, Eighth Circuit.

Submitted: Dec. 14, 1999.

Filed: Dec. 23, 1999.

Edwin F. Kelly, Assistant U.S. Attorney, Des Moines, IA, argued (Don C. Nickerson, U.S. Attorney, on the brief), for Appellant.

James Whalen, Assistant Federal Public Defender, Des Moines, IA, argued, for Appellee.

Before: WOLLMAN, Chief Judge, FAGG, Circuit Judge, and BATTEY,* District Judge.

FAGG, Circuit Judge.

Alien Ignacio Tejeda–Perez entered the United States in 1975. Between 1980 and 1998, Tejeda–Perez committed nineteen offenses here, including second-degree felony theft in 1989. He was deported in 1994 and again in 1995. In 1999, Tejeda–Perez resurfaced in this country and pleaded guilty to illegally reentering the United

---

* The Honorable Richard H. Battey, United States District Judge for the District of South Dakota, sitting by designation.

States after deportation in violation of 8 U.S.C. § 1326(a) (Supp. III 1997). At sentencing, the Government sought a sixteen-level enhancement of Tejeda–Perez's base offense level under U.S. Sentencing Guidelines Manual (U.S.S.G.) § 2L1.2(b)(1)(A) (1998), which applies when the defendant has been previously deported after a criminal conviction for an "aggravated felony." The issue in this case is whether Tejeda–Perez's second-degree felony theft conviction is an aggravated felony conviction for the purposes of § 2L1.2(b)(1)(A). The district court concluded it is not, because Tejeda–Perez's one to fifteen year sentence for the conviction was suspended. The Government appeals, and we reverse.

To define the term "aggravated felony" for the purpose of § 2L1.2, the section's commentary directs us to 8 U.S.C. § 1101(a)(43) (Supp. III 1997), which states an aggravated felony includes "a theft offense ... for which the term of imprisonment [is] at least one year." *Id.* § 1101(a)(43)(G). Legislative history shows the word "is" was mistakenly left out of the phrase. *See United States v. Banda–Zamora,* 178 F.3d 728, 729 (5th Cir.1999); *United States v. Graham,* 169 F.3d 787, 790 (3d Cir.), *cert. denied,* —— U.S. ——, 120 S.Ct. 116, 145 L.Ed.2d 99 (1999); *see also United States v. Estrada–Quijas,* 183 F.3d 758, 761 (8th Cir.1999). Before its amendment in 1996, the phrase read "a theft offense ... for which the term of imprisonment imposed (regardless of any suspension of such imprisonment) is at least 5 years." 8 U.S.C. § 1101(a)(43)(G) (1994). The amendment altered the provision " 'by striking "is at least 5 years" each place it appears and inserting "at least one year." ' " *Banda–Zamora,* 178 F.3d at 729 (quoting legislative history). In other words, Congress lowered the maximum penalty required to make a theft violation an aggravated felony. *See Graham,* 169 F.3d at 791. The amendment also deleted the phrase "imposed (regardless of any suspension of such imprisonment)," in § 1101(a)(43)(G) (1994), but replaced it with a new

§ 1101(a)(48)(B), applicable to the entire chapter, which provides, "Any reference to a term of imprisonment or a sentence with respect to an offense is deemed to include the period of incarceration or confinement ordered by a court of law regardless of any suspension of the imposition or execution of that imprisonment or sentence in whole or in part." *See Banda–Zamora,* 178 F.3d at 729. If this definition applies, suspended sentences count for the purpose of defining "term of imprisonment" in § 2L1.2.

■ Tejeda–Perez argues that rather than 8 U.S.C. § 1101(a)(48)(B), we should apply U.S.S.G. § 4A1.2(b), which states a "sentence of imprisonment" does not include any portion of a sentence that was suspended. We disagree. Section 4A1.2(b) defines "sentence of imprisonment," rather than "term of imprisonment," and the definition is for the purposes of computing a defendant's criminal history category. The courts that have considered the issue agree that 8 U.S.C. § 1101(a)(48)(B), not U.S.S.G. § 4A1.2(b), applies for the purpose of defining "term of imprisonment" in U.S.S.G. § 2L1.2. *See Banda–Zamora,* 178 F.3d at 730; *United States v. McKenzie,* 193 F.3d 740, 742 (3d Cir.1999); *United States v. Chavez–Valenzuela,* 170 F.3d 1038, 1039 (10th Cir.1999). Thus, a conviction is an aggravated felony within the meaning of § 2L1.2 if the defendant receives a sentence of at least one year, even if the sentence is suspended. *See Banda–Zamora,* 178 F.3d at 730.

This view is consistent with both 8 U.S.C. § 1101(a)(43) before its amendment, and with a corresponding, earlier version of the commentary to § 2L1.2, which expressly included suspended terms in the calculation of the term of imprisonment by quoting from the earlier version of § 1101(a)(43). *See* U.S.S.G. § 2L1.2 n. 7 (1995). Both before and after the amendments to both § 1101 and the § 2L1.2 commentary, courts have uniformly looked to the term of imprisonment imposed, regardless of any suspension,

rather than the time actually served. *See Banda–Zamora,* 178 F.3d at 730; *McKenzie,* 193 F.3d at 742; *Chavez–Valenzuela,* 170 F.3d at 1039 (citing preamendment cases). In effect, 8 U.S.C. § 1101(a)(48)(B) simply supplanted the preamendment version of 8 U.S.C. § 1101(a)(43) and U.S.S.G. § 2L1.2 commentary note 7. Our interpretation is based on " 'more than a guess as to what Congress intended,' " so the rule of lenity does not apply as Tejeda–Perez contends. *Graham,* 169 F.3d at 790 (quoting *Ladner v. United States,* 358 U.S. 169, 178, 79 S.Ct. 209, 3 L.Ed.2d 199 (1958)).

■ Because Tejeda–Perez received a one to fifteen year sentence for the second-degree theft, the theft conviction is an aggravated felony within the meaning of § 2L1.2(b)(1)(A), even though the prison sentence was suspended. The district court committed error in concluding otherwise. Because the district court declined to impose the enhancement, the court did not consider Tejeda–Perez's motion for a downward departure under § 2L1.2 n. 5. We decline the Government's invitation to decide the propriety of that motion, and leave it for the district court's consideration first. Accordingly, we reverse and remand for resentencing.