IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-50866
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JUAN RODRIGUEZ-SALAS, also known as Juan
Carlos Rodriguez-Gonzalez,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. EP-99-CR-773-ALL-H
--------------------

February 15, 2000

Before JOLLY, JONES, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Juan Rodriguez-Salas challenges his sentence from his guilty plea conviction for illegal reentry after deportation. See 8 U.S.C. § 1326. He argues that the district court erroneously interpreted the phrase, "term of imprisonment imposed," from U.S.S.G. § 2L1.2, comment. (n.5) in denying Rodriguez's request for a downward departure. He contends that the phrase does not include the imposition of a suspended sentence such as the sentence from his prior conviction.

---

[*] Pursuant to 5ᵀᴴ Cɪʀ. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5ᵀᴴ Cɪʀ. R. 47.5.4.

Rodriguez's reliance on application notes, amendments to § 2L1.2, and similar language in Chapter Four of the guidelines is unpersuasive. See United States v. McKenzie, 193 F.3d 740, 742 (3d Cir. 1999). Although application note five neither defines "term of imprisonment imposed" nor explicitly incorporates the definition set out in 8 U.S.C. § 1101(a)(48)(B), we agree with the Government that the meaning of the application note's phrase is determined by § 1101(a)(48)(B). Section 2L1.2 defines aggravated felony in relation to § 1101(a)(43). Since application note five refers to a term of imprisonment imposed with respect to an aggravated felony as defined by § 1101(a)(43), see § 2L1.2, comment. (n.1), § 1101(a)(48)(B) applies. Thus, "term of imprisonment imposed" in application note five includes suspended sentences. See United States v. Chavez-Valenzuela, 170 F.3d 1038, 1039-40 (10th Cir. 1999).

The district court did not err in determining that Rodriguez's prior conviction resulting in a two-year suspended term of imprisonment made him ineligible for a downward departure pursuant to § 2L1.2, comment. (n.5).

AFFIRMED.