[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 27 2000
THOMAS K. KAHN
CLERK

_____

No. 99-4140

_____

D. C. Docket No. 98-00565-CR-ASG

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GUILLERMO GUZMAN-BERA,
a.k.a. Augusto Pantoja,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(June 27, 2000)**

Before ANDERSON, Chief Judge, CARNES and RONEY Circuit Judges.

PER CURIAM:

Guillermo Guzman-Bera  pled guilty to illegally reentering the United States after deportation  in violation of 18 U.S.C. § 1326 (a) and (b)(2), and received a 77-month prison term.   He appeals the imposition of a sixteen-level enhancement to his

base offense level under U.S.S.G. § 2L1.2(b)(1)(A). That enhancement applies when a defendant reenters the United States after being previously deported after a criminal conviction for an "aggravated felony." We vacate and remand, holding that when a defendant has simply been placed on probation and has not been sentenced to a prison term at the time of deportation and reentry, the "aggravated felony" enhancement does not apply.

Alien Guillermo Guzman-Bera had been deported twice. The first time he was deported after being convicted for cocaine possession in 1991. Thereafter, he re-entered the United States without permission and in August 1995 was arrested for grand theft, third degree. A Florida state court found him guilty and sentenced him to five years of probation. This is the offense at the time of deportation and reentry that the district court defined as an aggravated felony.

In December 1995, the Immigration and Naturalization Service again deported Guzman-Bera. He later re-entered the United States again without permission and, in 1998, was arrested and convicted on several counts of grand theft. The State of Florida then charged Guzman-Bera with violating his probation for the 1995 theft conviction, revoked his probation, and sentenced him to 18 months.

The issue is whether that Florida conviction, coupled with the 18-months prison sentence for probation violation after deportation and after reentry, qualified as an

aggravated felony at the time of his deportation and at the time of his reentry.

An "aggravated felony" under the statute is defined in terms of the sentence, not the criminal acts involved in the conviction, nor in terms of the conviction itself. To define the term aggravated felony for the purposes of §2L1.2, the section's commentary points to 8 U.S.C. § 1101(a)(43), which states that an aggravated felony includes "a theft offense ... for which the term of imprisonment [sic] at least one year." 8 U.S.C. § 1101(a)(43)(G). The statute omits crucial language in the text, making it arguable as to whether it refers to the *authorized* term of imprisonment, even if not imposed, or the term of imprisonment actually imposed.

We follow the Third Circuit Court of Appeals in *United States v. Graham*, 169 F.3d 787 (3rd Cir.), *cert. denied*, _U.S. _, 120 S.Ct. 116 (1999) in holding that the statute means the sentence actually imposed. The Third Circuit is the only United States Court of Appeals found to have directly decided whether 8 U.S.C. § 1101(a)(43)(G) refers to the sentence authorized or the sentence imposed. The Court reasoned that, although a crucial verb was omitted, there was no evidence that Congress intended to depart from its prior position that an aggravated felony is determined by the imposed imprisonment. *Graham,* 169 F.3d at 790. Before its amendment in 1996, the statute defined aggravated felony as "a theft offense ...for which the term of imprisonment imposed (regardless of any suspension of such

3

imprisonment) is at least five years." *Graham,* 169 F.3d at 790.  The court concluded that when Congress amended the statute it did not intend to change the sentence imposition requirement, but, instead, simply lowered the penalty required to make a theft violation an aggravated felony from five years to one year. 169 F.3d at 791.  We agree with the Third Circuit's reading of §1101(a)(43)(G) and its reasoning and hold that an aggravated felony is defined by the sentence actually imposed.

The question then becomes:  what sentence was actually imposed in this case? The district court considered the sentence imposed to be the 18-month sentence Guzman-Bera received in 1998 based on his probation violation because it "has a direct relationship to" the original sentence he received in 1995.  At the time of his deportation and reentry, however, the conviction was not one for which a prison sentence had been imposed.  If he had received a prison sentence which was suspended and followed by probation the enhancement might be applicable.  A reference to a term of imprisonment is deemed to include the period of incarceration regardless of any suspension of either the imposition or execution of that sentence. 8 U.S.C. § 1101(a)(48)(B).  *See also United States v. Tejeda-Perez*, 199 F.3d 981,982 (8th Cir. 1999)("A conviction is an aggravated felony within the meaning of §2L1.2 if the defendant receives a sentence of at least one year, even if the sentence is

4

suspended."). We need not decide that point, however, because in this case Guzman-Bera did not receive a suspended sentence.

Although the state court judgment from the 1995 conviction is not included in the record, both defendant and the government represented at oral argument that defendant was sentenced to straight probation without reference to a suspended sentence. On this issue we follow the reasoning of the United States Court of Appeals for the Fifth Circuit and hold that "when a court does not order a period of incarceration and then suspend it, but instead imposes probation directly, the conviction is not an 'aggravated felony.'" *United States v. Banda-Zamora*, 178 F.3d 728,730 (5th Cir. 1999).

Applying this analysis to the instant case, defendant was not sentenced for his 1995 conviction until his violation of probation, which occurred only after he was deported and illegally reentered the United States. His sentence was not a substituted sentence, but an original sentence. Although his 1995 conviction may have become an aggravated felony after his reentry into the United States and he received the 18-month prison sentence, it was not one when he was deported and when he reentered the United States, and should not have been used for enhancement purposes under U.S.S.G. § 2L1.2(b)(1)(A). Accordingly, we vacate the judgement of the district court and remand for re-sentencing.

VACATED AND REMANDED.