**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Placido SERVIN–GOMEZ, also known as Placido Servin, Defendant–Appellant.**

**No. 00–5750.**

United States Court of Appeals, Sixth Circuit.

Sept. 17, 2001.

Before DAUGHTREY and GILMAN, Circuit Judges; COHN, District Judge.*

Placido Servin–Gomez, represented by counsel, appeals from his judgment of conviction and sentence entered on his guilty plea to illegally re-entering the United States after being convicted of an aggravated felony. The parties have expressly waived oral argument, and this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 2000, Servin–Gomez pleaded guilty to illegally re-entering the United States after being convicted of an aggravated felony in violation of 8 U.S.C. § 1326(b). Servin–Gomez had previously been convicted of theft of property valued at more than $1,000 in the Tennessee state courts. The district court applied the sixteen-point enhancement for a crime classified as an "aggravated felony," under USSG § 2L1.2(b)(1)(A), and sentenced Servin–Gomez to seventy-seven months of imprisonment. Servin–Gomez has filed a timely appeal, arguing that his prior theft conviction does not constitute an "aggravated felony."

Upon review, we conclude that the district court did not commit plain error when it determined that Servin–Gomez's prior conviction constituted an "aggravated felony" within the meaning of 8 U.S.C. § 1101(a)(43) and USSG § 2L1.2. The court may only review Servin–Gomez's sentencing claim for plain error because he

---

* The Honorable Avern Cohn, United States District Judge for the Eastern District of Michigan, sitting by designation.

did not present any objections to his enhanced sentence under 8 U.S.C. § 1101(a)(43)(G) in the sentencing court, and thus he has forfeited his right to assert this issue on appeal. *See United States v. Kincaide*, 145 F.3d 771, 784 (6th Cir.1998). This court may review an error to which no objection is made if it constitutes plain error that affects the substantial rights of a party. *See* Fed.R.Crim.P. 52(b); *United States v. Barajas–Nunez*, 91 F.3d 826, 830 (6th Cir.1996). To establish plain error, a defendant must show that: 1) an error occurred in the district court; 2) the error was plain, i.e ., obvious or clear; 3) the error affected the defendant's substantial rights; and 4) this adverse impact seriously affected the fairness, integrity or public reputation of the judicial proceedings. *See United States v. Williams*, 53 F.3d 769, 770 (6th Cir.1995). For the reasons expressed below, the district court did not commit plain error when it sentenced Servin–Gomez.

A defendant convicted of illegal re-entry after removal is subject to a much longer sentence if he was previously removed "subsequent to a conviction for commission of an aggravated felony." *See* 8 U.S.C. § 1326(b)(2). The Sentencing Guidelines implement this enhancement in § 2L1.2, which increases the base offense level for a § 1326 violation from eight to twenty-four "[i]f the defendant previously was deported after a criminal conviction ... for an aggravated felony." *See* USSG § 2L1.2(b)(1)(A). The commentary to § 2L1.2 defines the term "aggravated felony" by referencing 8 U.S.C. § 1101(a)(43). *See* USSG § 2L1.2 comment. (n.1). Section 1101(a)(43)(G), in turn, includes "a theft offense (including receipt of stolen property) or burglary offense for which the term of imprisonment [sic] at least one year" as an "aggravated felony." The annotated footnote to that section states that the missing verb should probably be "is."

*See* 8 U.S.C.A. § 1101(a)(43)(G) (Footnote 2).

Servin–Gomez's prior theft conviction constitutes an "aggravated felony." Contrary to Servin–Gomez's argument, the rule of lenity does not apply in this case. The rule of lenity is not a doctrine of first resort whenever a criminal defendant identifies a potential ambiguity in a statute, and the rule "is not invoked by a grammatical possibility." *Caron v. United States*, 524 U.S. 308, 316, 118 S.Ct. 2007, 141 L.Ed.2d 303 (1998); *United States v. Maldonado–Ramirez*, 216 F.3d 940, 943 (11th Cir.2000), *cert. denied*, 531 U.S. 1114, 121 S.Ct. 860, 148 L.Ed.2d 774 (2001) (accord). Moreover, § 1101(a)(43)(G) has consistently been construed to mean that the sentence *imposed* controls whether an offense constitutes an "aggravated felony." *United States v. Christopher*, 239 F.3d 1191, 1194 (11th Cir.2001); *United States v. Corona–Sanchez*, 234 F.3d 449, 455 (9th Cir. 2000); *United States v. Pacheco*, 225 F.3d 148, 153–54 (2d Cir.2000), *cert. denied*, —— U.S. ——, 121 S.Ct. 2246, 150 L.Ed.2d 234 (2001); *United States v. Tejeda–Perez*, 199 F.3d 981, 982 (8th Cir.1999). Hence, because Servin–Gomez was sentenced to two years of imprisonment on his prior theft conviction, the district court properly applied the sixteen-level enhancement pursuant to § 2L1.2(b)(1)(A).

Accordingly, we affirm the judgment of conviction and sentence.