# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-3407

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Southern District of Iowa. |
| Hakan Demirbas, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: May 14, 2003

Filed: June 11, 2003

_____

Before BOWMAN, HEANEY, and BYE, Circuit Judges.

_____

BOWMAN, Circuit Judge.

Hakan Demirbas pleaded guilty to reentering the United States illegally. At sentencing, the District Court[1] concluded that Demirbas was subject to an eight-level increase in his base-offense level because he had previously been convicted of a felony in a Missouri state court. Demirbas challenges the application of this eight-level increase. We affirm.

_____

[1]The Honorable Ronald E. Longstaff, Chief Judge, United States District Court for the Southern District of Iowa.

Demirbas pleaded guilty in 1996 in a Missouri court to "stealing," a felony under Missouri law, and was sentenced to five years of probation. In 1998, Demirbas was arrested on drug charges, and the Missouri court consequently revoked his probation and imposed a new sentence of four years of incarceration, although the court suspended the imposition of the sentence and ordered five years of probation. This four-year suspended sentence of incarceration is at the heart of Demirbas's appeal. After the Missouri court imposed and suspended the four-year sentence, Demirbas was turned over to the Immigration and Naturalization Service (INS) and deported to his home country of Turkey. In 1999, Demirbas returned illegally to the United States. He evaded detection by authorities until 2002, when an Iowa state trooper stopped his car and cited him for various traffic violations. The trooper ran a background check and learned of Demirbas's 1998 deportation. Demirbas was again turned over to the INS, and the Government charged him with one count of being illegally found in the United States after deportation. Demirbas pleaded guilty.

In sentencing Demirbas, the District Court applied United States Sentencing Guidelines (U.S.S.G.) § 2L1.2 (2002), which determines the offense level for a defendant who unlawfully entered the country. Under § 2L1.2(b)(1)(C), a prior conviction for an aggravated felony results in an eight-level increase in the base-offense level. The District Court concluded that Demirbas's 1996 conviction for stealing was an aggravated felony based on the definition of "aggravated felony" found in Application Note 2 to § 2L1.2. Application Note 2 states that, "[f]or purposes of subsection (b)(1)(C), 'aggravated felony' has the meaning given that term in 8 U.S.C. § 1101(a)(43)." U.S.S.G. § 2L1.2, cmt. n.2. Pursuant to 8 U.S.C. § 1101(a)(43), an "aggravated felony" means "a theft offense . . . for which the term of imprisonment [is] at least one year." 8 U.S.C. § 1101(a)(43)(G) (2000). Because Demirbas received a term of imprisonment of four years for violating the probation conditions connected to his stealing conviction, the District Court concluded that the stealing conviction was an aggravated felony under § 1101(a)(43)(G) and increased his base-offense level by eight levels. Demirbas argues on appeal that his stealing

conviction was not an aggravated felony pursuant to § 1101(a)(43)(G) because he never served a "term of imprisonment" since the imposition of his period of incarceration was suspended. We review the District Court's interpretation of the sentencing guidelines de novo. See United States v. Rodriguez-Arreola, 313 F.3d 1064, 1066 (8th Cir. 2002).

Demirbas's argument contradicts our Circuit precedent, which holds that a felony conviction is an aggravated felony within the meaning of U.S.S.G. § 2L1.2 if the defendant received a sentence of at least one year of imprisonment, "*even if the sentence is suspended.*" United States v. Tejeda-Perez, 199 F.3d 981, 982 (8th Cir. 1999) (emphasis added). As we spelled out in Tejeda-Perez, 8 U.S.C. § 1101(a)(48)(B) clarifies § 1101(a)(43)(G) by explaining that "[a]ny reference to a term of imprisonment . . . is deemed to include the period of incarceration or confinement ordered by a court of law *regardless of any suspension of the imposition or execution of that imprisonment.*" Id (emphasis added) (quoting 8 U.S.C. § 1101(a)(48)(B)). The "term of imprisonment" for Demirbas's stealing conviction includes, therefore, the four years of incarceration ordered by the Missouri court even though that court suspended the imposition of the incarceration in favor of probation; the stealing conviction consequently falls within the definition of aggravated felony in § 1101(a)(43)(G). That conviction is thus an aggravated felony pursuant to U.S.S.G. § 2L2.1(b)(1)(C), and the District Court therefore properly applied an eight-level increase to Demirbas's base-offense level.

Accordingly, the judgment of the District Court is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-3-