# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 06-1586

_____

|  |  |  |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | Southern District of Iowa. |
| | * | |
| Arnulfo Panochero-Cresencio, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: September 26, 2006
Filed: October 12, 2006

_____

Before WOLLMAN, BRIGHT, and BOWMAN, Circuit Judges.

_____

PER CURIAM.

Arnulfo Panochero-Cresencio pleaded guilty to reentering the United States after deportation in violation of 8 U.S.C. § 1326(a) (2000). The District Court[1] sentenced Panochero-Cresencio to an eighteen-month term of imprisonment followed by a one-year term of supervised release. Panochero-Cresencio appeals his sentence on two grounds. We affirm.

_____

[1]The Honorable James E. Gritzner, United States District Judge for the Southern District of Iowa.

Panochero-Cresencio, a Mexican national, pleaded guilty to possession of forged documents in Iowa state court on February 10, 2005. The Iowa court imposed a sentence of suspended prison for two years and probation for two years. Panochero-Cresencio was deported on February 23, 2005. He illegally reentered the United States and was arrested in the Southern District of Iowa on December 2, 2005. Panochero-Cresencio was charged with illegally reentering the United States and pleaded guilty. In sentencing Panochero-Cresencio, the District Court concluded that his prior forgery conviction was an "aggravated felony" because it was "an offense relating to . . . forgery . . . for which the term of imprisonment is at least one year" under 8 U.S.C. § 1101(a)(43)(R) (2000). Accordingly, the District Court increased his base-offense level by eight levels pursuant to United States Sentencing Guidelines Manuel § 2L1.2(b)(1)(C) (2005).

Panochero-Cresencio first argues that his sentence is unreasonable because this Circuit's definition of "term of imprisonment" encompasses any term of imprisonment imposed, including a suspended term. See United States v. Demirbas, 331 F.3d 582, 584 (8th Cir. 2003); United States v. Tejeda-Perez, 199 F.3d 981, 982 (8th Cir. 1999). Panochero-Cresencio asserts that this definition conflicts with the Ninth Circuit's interpretation of "term of imprisonment" in United States v. Pimentel-Flores, 339 F.3d 959 (9th Cir. 2003), which he claims includes only actual time served in prison. Therefore, Panochero-Cresencio contends that an unwarranted sentencing disparity exists on account of the guidelines' enhancement for an "aggravated felony." He also asks this Court to overrule Demirbas and Tejeda-Perez and limit the definition of "term of imprisonment" to actual time served in prison. Under the law of this Circuit, his argument fails.

We review the District Court's application of the sentencing guidelines de novo. See United States v. Bah, 439 F.3d 423, 426 (8th Cir. 2006). Panochero-Cresencio's argument squarely contradicts this Court's ruling in Demirbas that "[a]ny reference to a term of imprisonment . . . is deemed to include the period of incarceration or

confinement ordered by a court of law *regardless of any suspension of the imposition or execution of that imprisonment*." Demirbas, 331 F.3d at 584 (quoting Tejeda-Perez, 199 F.3d at 982). Demirbas and Tejeda-Perez are the law of this Circuit, which we are bound to follow. See United States v. Bordeaux, 400 F.3d 548, 554 (8th Cir. 2005). Therefore, the "term of imprisonment" for Panochero-Cresencio's forgery conviction includes the two-year suspended prison sentence, and accordingly qualifies the conviction as an "aggravated felony" under § 1101(a)(43)(R). Thus, the District Court properly applied an eight-level enhancement to Panochero-Cresencio's base-offense level.

Even putting aside the law-of-the-circuit rule, Panochero-Cresencio's contention that the Ninth Circuit has defined "term of imprisonment" to include only actual time served in prison is inaccurate. The issue in Pimentel-Flores was whether the guidelines' definition of a "crime of violence" was limited to "aggravated felonies"; the issue was not whether a "term of imprisonment" was limited to actual time served in prison. Pimentel-Flores, 339 F.3d at 960, 963. Pimentel-Flores held that a "crime of violence" is not limited to "aggravated felonies," while only tangentially addressing the meaning of "term of imprisonment." Id. at 963. Pimentel-Flores referenced the "term of imprisonment" for an "aggravated felony" as including the "actual sentence imposed in the earlier felony case, not the maximum available sentence." Id. at 962 (citing Alberto-Gonzalez v. INS, 215 F.3d 906, 909–10 (9th Cir. 2000)). Both Pimentel-Flores and Alberto-Gonzalez discussed whether a "term of imprisonment" is the *potentially available* sentence or the *actually imposed* sentenced, but neither discussed a distinction between actual time served and a suspended sentence, which is the issue in this case. In fact, Alberto-Gonzalez expressly declined to consider whether a suspended sentence should be considered part of a "term of imprisonment." Alberto-Gonzalez, 215 F.3d at 909 n.7. Panochero-Cresencio's unwarranted sentencing disparity argument based on Ninth Circuit law misreads the applicable cases and is therefore without merit on that ground as well.

Panochero-Cresencio next contends that because he committed his offense in the Southern District of Iowa, which does not have a "fast-track" program, an unwarranted sentencing disparity exists and therefore his sentence is unreasonable. "Fast-track" programs provide expedited procedures in immigration cases and are primarily used in the southwestern border states (but do exist in Nebraska and South Dakota). The guidelines provide a downward departure if an authorized "fast-track" program is used. U.S. Sentencing Guidelines Manuel § 5K3.1.

We review a sentence pursuant to the advisory sentencing guidelines for reasonableness. United States v. Yahnke, 395 F.3d 823, 824 (8th Cir. 2005). In United States v. Sebastian, 436 F.3d 913 (8th Cir. 2006), this Court held that the sentence imposed was not unreasonable despite the defendant's argument that the lack of a fast-track program in Eastern Missouri created a sentencing disparity. While Sebastian did comment that a disparity exists "based solely on geography," the Court further reasoned that the downward adjustment is mandated by Congress and the President—and it is the province of the legislature and executive, not the judiciary, to determine whether such an adjustment is warranted. Sebastian, 436 F.3d at 916. While conceding that "[t]here may be good reason to question this policy decision," Sebastian concluded that *requiring* a district court to vary from guidelines based solely on the disparity would conflict with the roles of Congress and the Attorney General. Id.

In this case, the District Court specifically addressed the fast-track issue in seeking to avoid an unwarranted sentencing disparity, then considered the conduct of Panochero-Cresencio as compared to similarly-situated defendants, and ultimately concluded that an eighteen-month sentence was reasonable. Just as in Sebastian, the District Court properly considered the 18 U.S.C. § 3553(a) factors, and just as in Sebastian, we cannot say that the sentence imposed in this case is unreasonable solely on account of the fast-track program disparity.

Accordingly, the judgment of the District Court is affirmed.

_____