# United States Court of Appeals

## For the Eighth Circuit

———————————————

No. 12-3524

———————————————

Bryan St. Patrick Gallimore

*Petitioner*

v.

Eric H. Holder, Jr., Attorney General of the United States

*Respondent*

——————————

Petition for Review of an Order of the
Board of Immigration Appeals

——————————

Submitted: May 15, 2013
Filed: May 22, 2013

——————————

Before RILEY, Chief Judge, MELLOY and SHEPHERD, Circuit Judges.

——————————

RILEY, Chief Judge.

The Department of Homeland Security (DHS) ordered Bryan St. Patrick Gallimore, a native and citizen of Jamaica, removed as an alien convicted of an aggravated felony. The immigration judge (IJ) denied Gallimore's petition to defer removal pursuant to the Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment (CAT), Art. 3, Dec. 10, 1984, S. Treaty Doc. No.

100-20, at 20, and ordered Gallimore removed. See 8 C.F.R. § 1208.18. The Board of Immigration Appeals (BIA) affirmed and dismissed Gallimore's appeal. Gallimore petitions for review of the BIA's decision, and we dismiss Gallimore's petition.

## I. BACKGROUND

In 2008, Gallimore was sentenced to a term of imprisonment not to exceed ten years for burglary in the second degree, in violation of Iowa Code sections 713.1 and 713.5. Gallimore's sentence was to run concurrently with his state sentences for stalking and harassment. On July 1, 2011, DHS ordered Gallimore removed under 8 U.S.C. § 1227(a)(2)(A)(iii) as an "alien who is convicted of an aggravated felony at any time after admission." An aggravated felony includes a "burglary offense for which the term of imprisonment [is] at least one year." Id. § 1101(43)(G).

Gallimore initially requested withholding or deferral of removal under the Immigration and Nationality Act, 8 U.S.C. § 1231(b)(3), and the CAT. At the hearing before the IJ, Gallimore indicated he was only seeking deferral of removal under the CAT. "Relief under the CAT requires the applicant to demonstrate 'that it is more likely than not that he or she would be tortured'" by or with the consent of a public official "'if returned to the proposed country of removal.'" Khrystotodorov v. Mukasey, 551 F.3d 775, 781-82 (8th Cir. 2008) (quoting Malonga v. Mukasey, 546 F.3d 546, 554-55 (8th Cir. 2008)) (internal marks omitted); see 8 C.F.R. §§ 1208.16(c)(2), 1208.18(a)(1). "A government's 'willful blindness toward the torture of citizens by third parties' amounts to unlawful acquiescence." Id. at 782 (quoting Mouawad v. Gonzales, 485 F.3d 405, 413 (8th Cir. 2007)).

At the hearing before the IJ, Gallimore testified (1) a Jamaican political party had attempted to intimidate him before he moved to the United States, and (2) another political party kidnapped and mistreated Gallimore when he visited Jamaica in 2003 and murdered Gallimore's friend for freeing Gallimore from the kidnappers. Gallimore claimed, if he returned to Jamaica, the police would pick him up at the

airport and would kill him at one or the other of the political parties' behest. Gallimore's sister also testified, and both Gallimore and DHS submitted documentary evidence.

On May 14, 2012, the IJ found Gallimore credible, but denied him relief under the CAT and ordered him returned to Jamaica because the IJ determined (1) Gallimore's mistreatment during the 2003 kidnapping did not rise to the CAT level of torture; and (2) "[a]ssuming the harm experienced by [Gallimore] amounted to torture, . . . there [was] no evidence that it was by or at the acquiescence of the Jamaican government."

On October 11, 2012, the BIA "adopt[ed] and affirm[ed] the [IJ's] decision." The BIA recognized the IJ's analysis "did not include the concept of 'willful blindness,'" but the BIA decided "even under the 'willful blindness' concept, [Gallimore] ha[d] not demonstrated that it [was] more likely than not that he [would] be tortured by or with the" Jamaican government's acquiescence. Gallimore petitions for review of the BIA's decision.

## II.   DISCUSSION

Gallimore claims the BIA erred in finding Gallimore failed to establish he more likely than not would be tortured by or with the acquiescence of the Jamaican government upon returning to Jamaica because the BIA and IJ misinterpreted or inappropriately weighed evidence in various ways. The government asserts we lack jurisdiction to review Gallimore's assertions on appeal, citing 8 U.S.C. § 1252(a)(2)(C). Section 1252(a)(2)(C), sometimes known as the "criminal alien bar," precludes judicial "review [of] any final order of removal," including applications for CAT relief, "against an alien who is removable by reason of having committed" an aggravated felony. See Brikova v. Holder, 699 F.3d 1005, 1008 (8th Cir. 2012). Courts retain jurisdiction to decide their own jurisdiction and review

-3-

"constitutional claims or questions of law." 8 U.S.C. § 1252(a)(2)(D); see Brikova, 699 F.3d at 1008.

As Gallimore apparently concedes, he was convicted of an "aggravated felony," namely, burglary in the second degree, for which he was sentenced to a term of imprisonment not to exceed ten years. See 8 U.S.C. § 1101(43)(G); Iowa Code §§ 713.1, 713.5, 902.9. The amount of time Gallimore actually serves does not affect our analysis. Cf. United States v. Demirbas, 331 F.3d 582, 584 (8th Cir. 2003).

Gallimore argues the criminal alien bar "does not apply to an order denying deferral of removal under the CAT." We previously held otherwise, and do so again. See Brikova, 699 F.3d at 1008 ("[T]he 'criminal alien bar[]' precludes this court's review of the BIA's decision on . . . CAT protection.").

Gallimore alternatively contends the criminal alien bar does not apply because his appeal concerns whether the IJ and the BIA "applied the wrong legal standard in evaluating [Gallimore's] CAT claim." Gallimore asserts the IJ and BIA applied the wrong legal standard by "improperly rel[ying] on several facts" and misinterpreting other evidence in determining the Jamaican government was not "willfully blind" to torture by the political parties. The BIA applied the "willful blindness" standard and determined Gallimore had not met his burden to "demonstrate[] it is more likely than not that he will be tortured by or with the acquiescence of the" Jamaican government. Any "challenge to the agency's factual determinations, . . . [is] beyond our jurisdiction to review under 8 U.S.C. § 1252(a)(2)(D)." Lovan v. Holder, 574 F.3d 990, 998 (8th Cir. 2009).

Gallimore points to Bromfield v. Mukasey, 543 F.3d 1071, 1079 (9th Cir. 2008), in which the Ninth Circuit remanded a petition for CAT relief because the BIA and IJ committed a legal error by failing to apply the "willful blindness" standard. Bromfield is inapposite because (1) in the present case, the BIA applied the willful

-4-

blindness standard—Gallimore simply disagrees with the BIA's interpretation of the evidence; and (2) the Ninth Circuit, unlike the Eighth Circuit, does not apply the criminal alien bar to petitions for CAT relief, see id. at 1075.

To the extent Gallimore challenges the legal standard used by the BIA, we reject that challenge on the merits. See Khrystotodorov, 551 F.3d at 781-82. Gallimore's remaining challenges, including his factual dispute with the BIA's application of the "willful blindness" standard, are foreclosed by the criminal alien bar and are beyond our jurisdiction. See 8 U.S.C. § 1252(a)(2)(C); Brikova, 699 F.3d at 1008.

## III.    CONCLUSION

We dismiss Gallimore's petition for review.

_____