# United States Court of Appeals

## For the Eighth Circuit

_____

No. 15-3117
_____

Hugues Michard Martine, also known as Martine Hughes

*Petitioner*

v.

Loretta E. Lynch, Attorney General of United States

*Respondent*

_____

Petition for Review of an Order of the
Board of Immigration Appeals

_____

Submitted: September 20, 2016
Filed: November 2, 2016

_____

Before WOLLMAN, ARNOLD, and KELLY, Circuit Judges.

_____

PER CURIAM.

Hugues Martine was ordered deported in November 2014 following a criminal conviction. The Immigration Judge (IJ) found, and the Board of Immigration Appeals (BIA) affirmed, that Martine was not eligible for relief under the Convention Against Torture (CAT). Martine filed the instant petition for review, arguing that the BIA erred by affirming the IJ, who applied an incorrect legal standard to his request for relief under the CAT. We dismiss Martine's petition for review.

# I. Background

In 1993, when he was six or seven years old, Martine and his family fled Haiti and were admitted into the United States as refugees. Martine and his family were granted refugee status as a result of Haitian officials' persecution of Martine's father, who worked as a judge under President Aristide's regime. The Aristide regime, which supported the Fanmi Lavalas party, was overthrown in 1991, putting Martine's family and others affiliated with the Fanmi Lavalas party in danger. Men broke into the Martine family's home, attacking Martine's mother and demanding the whereabouts of Martine's father. After that incident, Martine's family moved frequently to avoid danger, eventually arriving in the United States. Martine adjusted his status to Lawful Permanent Resident in 1994.

In May 2010, Martine fled from officers in his vehicle, eventually colliding with another vehicle and injuring its occupants. Police found 54 individual baggies containing what was later determined to be 8.68 grams of cocaine base in Martine's car. A jury convicted Martine of, among other things, second degree drug trafficking. He was sentenced to a ten-year term of imprisonment on that offense. Immigration officials initiated removal proceedings upon Martine's release from custody. Martine applied for relief under the CAT in December 2014, and is therefore subject to the REAL ID Act of 2005.

# II. Discussion

We lack "jurisdiction to review any final order of removal against an alien who is removable by reason of having committed a criminal offense covered in section . . . 1227(a)(2)(A)(iii)" of Title 8 of the United States Code. 8 U.S.C. § 1252(a)(2)(C) (codifying the Immigration and Nationality Act (INA)). Under 8 U.S.C. § 1227(a)(2)(A)(iii), "[a]ny alien who is convicted of an aggravated felony at any time after admission is deportable." Here, Martine was convicted of second degree drug

trafficking, an aggravated felony for purposes of the INA. 8 U.S.C. § 1101(a)(43)(B) ("The term 'aggravated felony' means . . . illicit trafficking in a controlled substance . . . ."); Moncrieffe v. Holder, 133 S. Ct. 1678, 1683 (2013) (defining "drug trafficking crime" and noting that state offenses may qualify).

However, we are not precluded from hearing "constitutional claims or questions of law" timely raised in a petition for review. 8 U.S.C. § 1252(a)(2)(D). Martine asserts that the BIA erred in affirming the IJ because the IJ applied the wrong legal standard when it failed to grant Martine a presumption that he had a well-founded fear of future persecution based on past persecution. Martine claims that because he was originally admitted as a refugee—which necessarily required a showing of past persecution—he was entitled to the presumption of a well-founded fear of persecution upon his return to Haiti.

Martine conflates two distinct statutory provisions and their associated tests: establishing asylum eligibility, 8 C.F.R. § 1208.13(b)(1), and qualifying for CAT relief, 8 C.F.R. § 1208.16(c). An applicant for asylum "who has been found to have established . . . past persecution shall also be presumed to have a well-founded fear of persecution on the basis of the original claim." 8 C.F.R. § 1208.13(b)(1). However, Martine is not seeking asylum; his sole claim is for protection under the CAT, which requires an applicant to "establish that it is more likely than not that he or she would be tortured if removed to the proposed country of removal." 8 C.F.R. § 1208.16(c)(2). "Torture" is separately defined and is not synonymous with "persecution." *Compare* 8 C.F.R. § 1208.18(a)(1) (defining torture in part as "any act by which severe pain or suffering, whether physical or mental, is intentionally inflicted on a person for such purposes as obtaining . . . a confession . . . .") *with* 8 U.S.C. § 1101(a)(42) (explaining that to qualify for asylum an applicant must establish past or future persecution on account of membership in a protected group). A showing of past persecution does not establish a presumption under the law

-3-

regarding the likelihood of future torture upon removal. Neither the BIA nor the IJ applied the wrong legal standard in Martine's case.

Martine also argues that the IJ and BIA "erroneously conclud[ed] that [his] case mirrored those facts presented in Cherichel v. Holder, 591 F.3d 1002 (8th Cir. 2010)," and Matter of J-E-, 23 I. & N. Dec. 291 (B.I.A. 2002). To the extent this argument is a "challenge to the agency's factual determinations," we lack jurisdiction. Lovan v. Holder, 574 F.3d 990, 998 (8th Cir. 2009) (citation omitted) ("[Petitioner] asserts that 'undisputed facts' compel a contrary finding 'as a matter of law.' This is nothing more than a challenge to the agency's factual determinations, which are beyond our jurisdiction to review under 8 U.S.C. § 1252(a)(2)(D)."); see Gallimore v. Holder, 715 F.3d 687, 690 (8th Cir. 2013) (citing Brikova v. Holder, 699 F.3d 1005, 1008 (8th Cir. 2012)) (finding arguments regarding factual disputes and weighing evidence outside the court's jurisdiction).

To the extent Martine argues that the IJ and the BIA improperly relied on these cases when considering his request for relief under the CAT, we disagree. To obtain CAT relief, Martine had to "establish that it is more likely than not that he [ ] would be tortured if removed to [Haiti]." 8 C.F.R. § 1208.16(c)(2). As noted above, and notwithstanding Martine's assertion to the contrary, the fact of Martine's past persecution does not equate to a presumption of a likelihood of future torture. Similarly, it does not eliminate Cherichel's mandate that "a petitioner may not obtain relief under the CAT unless he can show that his prospective torturer has the goal or intent of inflicting severe physical or mental suffering or pain upon him" for an enumerated purpose. 591 F.3d at 1013. When considering Martine's CAT claim, the immigration courts were required to determine the likelihood that Martine would suffer future torture if removed to Haiti, and they did not err in citing or relying on relevant case law, including Cherichel or Matter of J-E-.

The petition for review is dismissed.

_____

-4-