IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

---

No. 98-40903

---

UNITED STATES OF AMERICA,

                                Plaintiff-Appellee,

versus

JUAN ANTONIO BANDA-ZAMORA

                                Defendant-Appellant

---

Appeal from the United States District Court
For the Southern District of Texas

---

June 16, 1999

Before POLITZ, HIGGINBOTHAM, and DAVIS, Circuit Judges.

PATRICK E. HIGGINBOTHAM, Circuit Judge:

This appeal of a sentence turns on whether a prior offense counts as an aggravated felony. The defendant, Juan Antonio Banda-Zamora, had been convicted in Texas of aggravated assault and then deported. Found again in the United States, he was charged with reentry and pleaded guilty. Based on the presentence report's statement that Banda had received a sentence of "10 years probation" for the aggravated assault conviction, the district court increased Banda's offense level by 16 levels pursuant to U.S.S.G. § 2L1.2(b)(1)(A). Banda argues that § 2L1.2(b)(1)(A) is unconstitutionally vague and, if not vague, inapplicable.

I

Section 2L1.2(b)(1)(A) authorizes a 16-level enhancement for unlawfully entering or remaining in the United States when the defendant previously was deported after a conviction for an "aggravated felony." The commentary defines "aggravated felony" by reference to 8 U.S.C. § 1101(a)(43), which in turn defines "aggravated felony" to include "a crime of violence . . . for which the term of imprisonment [sic] at least one year." Both parties agree that Banda-Zamora's prior conviction was for a crime of violence, so we need consider only the phrase "for which the term of imprisonment at least one year."

This phrase is missing a verb. The *United States Code Annotated* indicates that the missing verb is probably "is," <u>see</u> 8 U.S.C.A. § 1101, at 73 (1999), and the legislative history confirms this suggestion. Before an amendment in 1996, the phrase read "for which the term of imprisonment imposed (regardless of any suspension of imprisonment) is at least 5 years." 8 U.S.C.A. § 1101 (1995). The Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Pub. L. No. 104-208, § 321(a)(3), 110 Stat. 3009, 546, 627-28 (1997), amended the provision "by striking 'is at least 5 years' each place it appears and inserting 'at least one year.'"

This drafting snafu does not make the statute unconstitutionally vague. The defendant seizes on a Supreme Court dictum that "vague sentencing provisions may pose constitutional questions if they do not state with sufficient clarity the consequences of violating a given criminal statute." <u>United States</u>

2

v. Batchelder, 442 U.S. 114, 123 (1979).  This, however, cannot mean that any ambiguity dooms a *Sentencing Guidelines* provision. Many legal provisions are ambiguous, and our job is to interpret them as best we can.

A missing word is not a fatal ambiguity.  Consider United States v. Evans, 333 U.S. 483 (1948), which Blatchelder cites as an example of a case with too vague a sentencing provision.  The statute criminalized two types of activity, but appeared to penalize only one of them.  See id. at 484-85.  The Court rejected the assumption that the penalty applied to both parts of the statute, and was thus left with a criminal prohibition with no sentencing range whatsoever.  That the Court refused to invent a penalty does not mean that the ambiguity here makes the provision unconstitutionally vague.  Crafting a punishment is different from filling in a missing, but readily deducible, word.  Indeed, the Evans Court noted, "If only imperfect grammar stood in the way, the construction might be accepted." Id. at 487. The Constitution does not outlaw bad grammar.

## II

Before the passage of the IIRIRA, we scrutinized the wording of judgments that mentioned both probation and suspension of sentence.  Compare United States v. Vasquez-Balandran, 76 F.3d 648 (5th Cir. 1996) (finding a suspension of sentence where a court first ordered confinement but later indicated that the term of imprisonment should be suspended in favor of probation), with United States v. Herrera-Solorzano, 114 F.3d 48, 50 (5th Cir. 1997)

3

(finding probation where an order of confinement was "next to" a suspension of sentence and substitution of probation). As the government conceded at oral argument, both cases recognize that when a defendant is directly sentenced to probation, with no mention of suspension of a term of imprisonment, there has been no suspension of a term of imprisonment.

The IIRIRA need cause no reworking of this area of doctrine. The Act deleted "imposed (regardless of any suspension of imprisonment)," and added a new 8 U.S.C. § 1101(a)(48)(B), which provides: "Any reference to a term of imprisonment or a sentence with respect to an offense is deemed to include the period of incarceration or confinement ordered by a court of law regardless of any suspension of the imposition or execution of that imprisonment or sentence in whole or in part." IIRIRA § 322(a), 110 Stat 3009 at 628-29.[1] Because § 1101 offers a series of definitions applicable to the entire chapter, the definition in § 1101(a)(48)(B) applies recursively to the definition in § 1101(a)(43)(F). Thus, when a court does not order a period of incarceration and then suspend it, but instead imposes probation directly, the conviction is not an "aggravated felony."

---

[1]This language does clarify that both a suspension of the "imposition" of imprisonment and a suspension of the "execution" of the imprisonment count as suspended sentences. For us, this is nothing new. We previously rejected what amounts to the same distinction, dubbing it the difference between a sentence "assessed" and a sentence "imposed" before being suspended. See, e.g., United States v. Valdez-Valdez, 143 F.3d 196, 198 (5th Cir. 1998). This clarification has no application to the facts before us.

4

The state court judgment is not in the record.  We thus vacate and remand to give the government a chance to show that the PSR's reference to a sentence of "10 years probation" referred to a sentence of imprisonment that was suspended in favor of probation. If the government meets this burden, the district court must determine which of <u>Vasquez-Balandran</u> and <u>Herrera-Solorzano</u> controls.  Otherwise, the district court should not apply the 16-level increase and must consider only whether the conviction was for "any other felony" under § 2L1.2(b)(1)(B).

VACATED AND REMANDED.