IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-40784
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GILBERTO GARCES-GARCIA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. M-98-CR-53-1
_____

October 7, 1999

Before JOLLY, SMITH, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Gilberto Garces-Garcia was convicted in district court of illegally re-entering the United States, in violation of 8 U.S.C. § 1326(a) and (b). He argues that the district court erred in imposing a 16-level enhancement under U.S.S.G. § 2L1.2(b)(1)(A), based on his having committed an "aggravated felony." In 1993, Garces was convicted in Texas state court of aggravated assault; he was sentenced to 10 years in prison, the imposition of which term was suspended in favor of probation. Garces contends that the suspension of the sentence precluded it from being an "aggravated

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

felony," as that term is defined in 8 U.S.C. § 1101(A)(43)(F). This court recently rejected an argument--similar to one raised by Garces--that a statutory definition of "term of imprisonment" included in 8 U.S.C. § 1101(a)(48)(B), which does embrace suspended prison terms, does not apply to § 1101(a)(43)(F). See United States v. Banda-Zamora, 178 F.3d 728, 730 (5th Cir. 1999). Accordingly, the district court properly considered Garces's 1993 conviction to be an "aggravated felony" and properly enhanced his offense level under § 2L1.2(b)(1)(A).

Garces has not shown error, plain or otherwise, as to his contention that the definition of "aggravated felony" in 8 U.S.C. § 1101(a)(43)(F) is unconstitutionally vague. United States v. Calverley, 37 F.3d 160, 162-64 (5th Cir. 1994)(en banc); see, e.g., Banda-Zamora, 178 F.3d at 729-30.

A F F I R M E D.