# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-2302

_____

United States of America,

            Appellant,

v.

Ignacio Tejeda-Perez,

            Appellee.

\* Appeal from the United States
\* District Court for the Southern
\* District of Iowa.

_____

Submitted:  December 14, 1999

Filed:  December 23, 1999

_____

Before WOLLMAN, Chief Judge, FAGG, Circuit Judge, and BATTEY,[*] District
    Judge.

_____

FAGG, Circuit Judge.

Alien Ignacio Tejeda-Perez entered the United States in 1975.  Between 1980 and 1998, Tejeda-Perez committed nineteen offenses here, including second-degree felony theft in 1989.  He was deported in 1994 and again in 1995.  In 1999, Tejeda-Perez resurfaced in this country and pleaded guilty to illegally reentering the United States after deportation in violation of 8 U.S.C. § 1326(a) (Supp. III 1997).  At

_____

[*]The Honorable Richard H. Battey, United States District Judge for the District of South Dakota, sitting by designation.

sentencing, the Government sought a sixteen-level enhancement of Tejeda-Perez's base offense level under U.S. Sentencing Guidelines Manual (U.S.S.G.) § 2L1.2(b)(1)(A) (1998), which applies when the defendant has been previously deported after a criminal conviction for an "aggravated felony." The issue in this case is whether Tejeda-Perez's second-degree felony theft conviction is an aggravated felony conviction for the purposes of § 2L1.2(b)(1)(A). The district court concluded it is not, because Tejeda-Perez's one to fifteen year sentence for the conviction was suspended. The Government appeals, and we reverse.

To define the term "aggravated felony" for the purpose of § 2L1.2, the section's commentary directs us to 8 U.S.C. § 1101(a)(43) (Supp. III 1997), which states an aggravated felony includes "a theft offense . . . for which the term of imprisonment [is] at least one year." Id. § 1101(a)(43)(G). Legislative history shows the word "is" was mistakenly left out of the phrase. See United States v. Banda-Zamora, 178 F.3d 728, 729 (5th Cir. 1999); United States v. Graham, 169 F.3d 787, 790 (3d Cir.), cert. denied, 120 S. Ct. 116 (1999); see also United States v. Estrada-Quijas, 183 F.3d 758, 761 (8th Cir. 1999). Before its amendment in 1996, the phrase read "a theft offense . . . for which the term of imprisonment imposed (regardless of any suspension of such imprisonment) is at least 5 years." 8 U.S.C. § 1101(a)(43)(G)(1994). The amendment altered the provision "'by striking "is at least 5 years" each place it appears and inserting "at least one year."'" Banda-Zamora, 178 F.3d at 729 (quoting legislative history). In other words, Congress lowered the maximum penalty required to make a theft violation an aggravated felony. See Graham, 169 F.3d at 791. The amendment also deleted the phrase "imposed (regardless of any suspension of such imprisonment)," in § 1101(a)(43)(G) (1994), but replaced it with a new § 1101(a)(48)(B), applicable to the entire chapter, which provides, "Any reference to a term of imprisonment or a sentence with respect to an offense is deemed to include the period of incarceration or confinement ordered by a court of law regardless of any suspension of the imposition or execution of that imprisonment or sentence in whole or in part." See Banda-Zamora,

178 F.3d at 729.  If this definition applies, suspended sentences count for the purpose of defining "term of imprisonment" in § 2L1.2.

Tejeda-Perez argues that rather than 8 U.S.C. § 1101(a)(48)(B), we should apply U.S.S.G. § 4A1.2(b), which states a "sentence of imprisonment" does not include any portion of a sentence that was suspended.  We disagree.  Section 4A1.2(b) defines "sentence of imprisonment," rather than "term of imprisonment," and the definition is for the purposes of computing a defendant's criminal history category.  The courts that have considered the issue agree that 8 U.S.C. § 1101(a)(48)(B), not U.S.S.G. § 4A1.2(b), applies for the purpose of defining "term of imprisonment" in U.S.S.G. § 2L1.2.  See Banda-Zamora, 178 F.3d at 730; United States v. McKenzie, No. 98-5490, 1999 WL 735707, at *2 (3d Cir. Sept. 22, 1999); United States v. Chavez-Valenzuela, 170 F.3d 1038, 1039 (10th Cir. 1999).  Thus, a conviction is an aggravated felony within the meaning of § 2L1.2 if the defendant receives a sentence of at least one year, even if the sentence is suspended.  See Banda-Zamora, 178 F.3d at 730.

This view is consistent with both 8 U.S.C. § 1101(a)(43) before its amendment, and with a corresponding, earlier version of the commentary to § 2L1.2, which expressly included suspended terms in the calculation of the term of imprisonment by quoting from the earlier version of § 1101(a)(43).  See U.S.S.G. § 2L1.2 n.7 (1995).  Both before and after the amendments to both § 1101 and the § 2L1.2 commentary, courts have uniformly looked to the term of imprisonment imposed, regardless of any suspension, rather than the time actually served.  See Banda-Zamora, 178 F.3d at 730; McKenzie, 1999 WL 735707, at *2; Chavez-Valenzuela, 170 F.3d at 1039 (citing preamendment cases).  In effect, 8 U.S.C. § 1101(a)(48)(B) simply supplanted the preamendment version of 8 U.S.C. § 1101(a)(43) and U.S.S.G. § 2L1.2 commentary note 7.  Our interpretation is based on "'more than a guess as to what Congress intended,'" so the rule of lenity does not apply as Tejeda-Perez contends.  Graham, 169 F.3d at 790 (quoting Ladner v. United States, 358 U.S. 169, 178 (1958)).

Because Tejeda-Perez received a one to fifteen year sentence for the second-degree theft, the theft conviction is an aggravated felony within the meaning of § 2L1.2(b)(1)(A), even though the prison sentence was suspended. The district court committed error in concluding otherwise. Because the district court declined to impose the enhancement, the court did not consider Tejeda-Perez's motion for a downward departure under § 2L1.2 n.5. We decline the Government's invitation to decide the propriety of that motion, and leave it for the district court's consideration first. Accordingly, we reverse and remand for resentencing.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.