**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

_____

No. 00-20334
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

EUGENIO LUEVANO-VELA, also known as Eugenio Vela,

Defendant-Appellant.

_____

Appeal from the United States District Court
For the Southern District of Texas
H-99-CR-437-ALL

_____

June 7, 2001

Before EMILIO M. GARZA, STEWART and PARKER, Circuit Judges.

PER CURIAM:[*]

Defendant Eugenio Luevano-Vela appeals his conviction after guilty plea for violation of 8 U.S.C. § 1326, which prohibits a person who has been previously deported from being present in the United States without consent of the Attorney General. We affirm.

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

Luevano-Vela's indictment, filed August 4, 1999, alleged that he, "an alien previously deported and removed from the United States, was found present in the United States at Houston, Texas without having obtained the consent of the Attorney General of the United States to apply for readmission into the United States." Prior to entering a guilty plea, Luevano-Vela filed a motion to dismiss the indictment, arguing that it failed to allege that he was found in the United States after an unlawful reentry or that he had the requisite *mens rea* to commit the offense. The district court denied the motion and sentenced Luevano-Vela to 78 months of imprisonment followed by a three-year term of supervised release.

On appeal, Luevano-Vela challenges the sufficiency of his indictment, which challenge we review *de novo*. See United States v. Guzman-Ocampo, 236 F.3d 233, 236 (5th Cir. 2000).

Luevano-Vela contends that his indictment was insufficient to support the 16-level increase in his offense level and the resulting enhanced sentence under § 1326(b)(2) because it did not allege that he had a prior felony conviction. Section 1326(a) provides that an alien without a prior conviction who is convicted of illegal reentry following deportation faces a two-year maximum prison sentence. Under § 1326(b)(2), however, if the alien's prior deportation was subsequent to a conviction for an aggravated felony, the maximum sentence is twenty years. The Supreme Court has held that, because § 1326(b)(2) provides for a sentencing

2

factor and not a separate criminal offense, the aggravated felony triggering the increased maximum penalty need not be alleged in the indictment. Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998). Luevano-Vela acknowledges that Almendarez-Torres foreclosed the issue, but he argues that Apprendi v. New Jersey, 120 S. Ct. 2348 (2000), indicates that Almendarez-Torres is no longer viable. See Apprendi, 120 S. Ct. at 2362 & n.15. However, this court has held that the Supreme Court's Apprendi decision "expressly declined to overrule Almendarez-Torres," which therefore remains in effect. United States v. Dabeit, 231 F.3d 979, 984 (5th Cir. 2000), cert. denied, 121 S. Ct. 1214 (2001). We find no merit in Luevano-Vela's Apprendi argument.

Luevano-Vela next contends that his indictment does not charge an offense because it failed to allege the requisite *mens rea*, that is, general intent. The general intent of a defendant to re-enter the United States may be inferred from the fact that the defendant was previously deported and subsequently found in the United States without consent of the Attorney General. United States v. Berrios-Centeno, ___ F.3d ___, 2001 WL 435494, *3 (5th Cir. April 27, 2001). The indictment in the instant case is almost identical to the indictment found sufficient in Berrios-Centeno. Id. at *4 n.4. We conclude that Luevano-Vela's indictment sufficiently alleged the general intent *mens rea* required in § 1326 offenses.

Luevano-Vela then challenges his sentence, arguing that the

3

district court erred in enhancing his offense based on his prior aggravated felony conviction. His only prior felony was a 1980 conviction for the unauthorized use of a motor vehicle handed down by a state district court. He argues that the offense did not have the element of the use, attempted use, or threatened use of physical force against the person or property of another. He argues in the alternative that his conviction falls outside the scope of a crime of violence because he received a suspended three-year term of imprisonment and probation, which did not qualify as a year or more of imprisonment. He recognizes that this court has already rejected his arguments in United States v. Galvan-Rodriquez, 69 F.3d 217, 219 (5th Cir.), cert. denied, 528 U.S. 837 (1999) and United States v. Banda-Zamora, 178 F.3d 728, 730 (5th Cir. 1999). We agree. The district court did not err in imposing the 16-level enhancement based on Luevano-Vela's prior conviction.

Based on the foregoing, we affirm Luevano-Vela's conviction and sentence.

AFFIRMED.