IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

---

No. 02-40114

Summary Calendar

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

NELSON OSIRIS BUSTILLO-DELGADO,

Defendant-Appellant.

---

Appeal from the United States District Court
For the Southern District of Texas
(01-CR-971)

---

December 6, 2002

Before HIGGINBOTHAM, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Nelson Osiris Bustillo-Delgado appeals the sentence imposed after he pleaded guilty to illegal reentry following deportation. We find that the district court did not err in calculating his sentence, and therefore we affirm the district court.

I

---

[*] Pursuant to 5ᵀᴴ CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5ᵀᴴ CIR. R. 47.5.4.

Bustillo-Delgado pleaded guilty to count two of an indictment charging him with illegal reentry following deportation, a violation of 8 U.S.C. § 1326(a). Because Bustillo-Delgado had been convicted by an Oklahoma state court prior to deportation for possession of a stolen vehicle, Bustillo-Delgado's offense level was increased by eight levels, pursuant to U.S.S.G. § 2L1.2(b)(1)(C).[1]

## II

Bustillo-Delgado contends that the district court erred by concluding that his prior conviction for possession of a stolen vehicle was an "aggravated felony" under U.S.S.G. § 2L1.2(b)(1)(C). We review the trial court's application of the United States Sentencing Guidelines *de novo* and its factual findings for clear error.[2]

The commentary to § 2L1.2 adopts the definition of the term "aggravated felony" in 8 U.S.C. § 1101(a)(43).[3] Under § 1101(a)(43)(G), the term "aggravated felony" is defined to include, "a theft offense (including receipt of stolen property) or burglary offense for which the term of imprisonment [is] at least one year . . . ."[4] Bustillo-Delgado does not dispute that his crime constitutes

---

[1] U.S. Sentencing Guidelines Manual § 2L1.2(b)(1)(C) (2001).

[2] *See United States v. Alarcon*, 261 F.3d 416, 423 (5th Cir. 2001).

[3] *See* U.S. Sentencing Guidelines Manual § 2L1.2(b)(1)(C), cmt. n.2.

[4] 8 U.S.C. § 1101(a)(43)(G) (2000).

a theft, and therefore the only issue is whether his term of imprisonment was "at least one year."

Bustillo-Delgado contends that § 1101(a)(43)(G) should be interpreted in light of Sentencing Guideline Manual Note 1(A)(iv), which provides, for purposes of § 2L1.2(b)(1), "If all or any part of a sentence of imprisonment was probated, suspended, deferred, or stayed, 'sentence imposed' refers only to the portion that was not probated, suspended, deferred, or stayed."[5] Because all but the first 90 days of his 2-year sentence of confinement for the state conviction was suspended, Bustillo-Delgado contends his "term of imprisonment" was not "at least one year" and the possession-of-a-stolen-vehicle conviction was not an "aggravated felony" within the meaning of § 1101(a)(43)(G).

Note 1(A)(iv) was added by amendment 632 to the guidelines, effective November 1, 2001.[6] Bustillo-Delgado argues that the Sentencing Commission, in adopting amendment 632, rejected this court's holding in *United States v. Banda-Zamora*.[7] Bustillo-Delgado also argues that the adoption of Note 1(A)(iv) created an ambiguity which should be resolved in his favor under the Rule of Lenity.

---

[5] U.S. Sentencing Guidelines Manual § 2L1.2(b)(1)(C), cmt. n.1(A)(iv) (2001).

[6] *See* U.S. Sentencing Guidelines Manual , Supp. to App. C, amend. 632 (2001).

[7] 178 F.3d 728 (5th Cir. 1999).

In *Banda-Zamora*, this court construed the meaning of the 8 U.S.C. § 1101(a)(43)(F).[8]  Like § 1101(a)(43)(G), which is at issue here, § 1101(a)(43)(F) provides that certain crimes of violence "for which the term of imprisonment [is] at least one year" are aggravated felonies.[9]  The phrase "term of imprisonment" is defined by § 1101(a)(48)(B) which provides that:

> Any reference to a term of imprisonment or a sentence with respect to an offense is deemed to include the period of incarceration or confinement ordered by a court of law *regardless of any suspension of the imposition or execution of that imprisonment or sentence in whole or in part.*"[10]

The court in *Banda-Zamora* reasoned, "Because § 1101 offers a series of definitions applicable to the entire chapter, the definition in § 1101(a)(48)(B) applies recursively to the definition in § 1101(a)(43)(F)."[11]  Under the reasoning of *Banda-Zamora*, § 1101(a)(48)(B) also applies to § 1101(a)(43)(G).  Therefore, the fact that Bustillo-Delgado's sentence was suspended does not change the fact that his crime fits the definition of aggravated felony in § 1101(a)(43).

We do not find any support for the argument that the amendment to the sentencing guideline overruled *Banda-Zamora*.  Note 1(A)(iv) defines the term "sentence imposed" as used in § 2L1.2(b) of the

---

[8] *Id.* at 730.

[9] 8 U.S.C. § 1101(a)(43)(F) (2000).

[10] 8 U.S.C. § 1101(a)(48)(B) (2000)(emphasis added).

[11] *Banda-Zamora*, 178 F.3d at 730.

4

sentencing guidelines.  Only § 2L1.2(b)(1)(A) & (B) uses the term "sentence imposed," and it is used in distinguishing between certain felony drug trafficking offenses.[12]  The subsection of the guidelines at issue here, § 2L1.2(b)(1)(C), does not use the term "sentence imposed."  Therefore there is no reason to apply Note 1(A)(iv) to § 2L1.2(b)(1)(C).  Instead, the definition of aggravated felon adopted by the sentencing guidelines must be applied.  That definition is the one given in 8 U.S.C. § 1101(a), as interpreted by this court in *Banda-Zamora*, and it calculates the period of incarceration or confinement without regard to any suspension of the sentence in whole or in part.[13]

## III

Bustillo-Delgado contends that the sentence-enhancing provisions of 8 U.S.C. § 1326(b)(1) and (b)(2) are unconstitutional in light of *Apprendi*.[14]  Although he concedes that he did not raise this issue below, he asserts that if the unconstitutional portion of the statute were severed, his conviction should be reduced to a lesser-included-offense found under § 1326(a).  Bustillo-Delgado acknowledges that his arguments are foreclosed by *Almendarez-Torres v. United States*,[15] but he seeks to preserve the issue for Supreme Court review.

---

[12] *See*  U.S. Sentencing Guidelines Manual § 2L2.1(b)(1)(A) & (B).

[13] *See also United States v. Landeros-Arreola*, 260 F.3d 407, 410 (5th Cir. 2001); *United States v. Yanez-Huerta*, 207 F.3d 746, 749 (5th Cir. 2000).

[14] *Apprendi v. New Jersey*, 530 U.S. 466 (2000).

[15] 523 U.S. 224 (1998).

In *Almendarez-Torres*, the Supreme Court held that the fact of a prior aggravated felony was a sentencing factor rather than an element of the offense.[16]  *Apprendi* did not overrule *Almendarez-Torres*.[17]  This court must follow the precedent set in *Almendarez-Torres* "unless and until the Supreme Court itself determines to overrule it."[18]

For the reasons stated above, we AFFIRM the district court's sentencing of the appellant.

---

[16] *Id.* at 235.

[17] *See Apprendi*, 530 U.S. at 489-90; *United States v. Dabiet*, 231 F.3d 979, 984 (5th Cir. 2000) *cert. denied*, 531 U.S. 1202 (2001).

[18] *Dabiet*, 231 F.3d at 984(internal quotation and citation omitted).