United States Court of Appeals
Fifth Circuit

**F I L E D**

**September 29, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————————

No. 02-21333
Summary Calendar

———————————————

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

ROBERTO IGNACIO CARDENAS

Defendant - Appellant

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-02-CR-335-ALL
--------------------

Before KING, Chief Judge, and JOLLY and PRADO, Circuit Judges.

PER CURIAM:*

Roberto Ignacio Cardenas appeals from his sentence following his guilty plea to illegal re-entry in violation of 8 U.S.C. § 1326. Cardenas argues that the district court erroneously applied an 8-level enhancement for a prior aggravated felony under U.S.S.G. § 2L1.2(b)(1)(C). Cardenas was previously convicted in California for receipt of stolen property and was sentenced to 48 months of probation with a 12-month jail term ordered as a condition of probation. Relying on United States v.

---

\* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Banda-Zamora, 178 F.3d 728, 730 (5th Cir. 1999), Cardenas argues that his prior conviction does not meet the definition of an aggravated felony because he was sentenced directly to probation, albeit with the 12-month jail term, and that his confinement as a condition of probation was not a term of imprisonment.

Cardenas concedes that he did not specifically raise in the district court the arguments he advances on appeal, but he argues that the issue was preserved because his comments in the district court were the functional equivalent of an objection and because the district court indicated that it had considered his arguments "every which way." We are unpersuaded. "'A party must raise a claim of error with the district court in such a manner so the district court may correct itself and thus, obviate the need for our review.'" United States v. Krout, 66 F.3d 1420, 1434 (5th Cir. 1995)(citation omitted). Because Cardenas objected to his sentence in the district court on grounds different from those raised on appeal, our review is for plain error. United States v. Medina-Anicacio, 325 F.3d 638, 643 (5th Cir. 2003). We conclude that Cardenas has failed to show that any error in the district court's application of the enhancement under U.S.S.G. § 2L1.2(b)(1)(C) was plain or obvious. See United States v. Olano, 507 U.S. 725, 731-37 (1993); U.S.S.G. § 2L1.2, comment. (n.2); 8 U.S.C. § 1101(a)(43)(G)(aggravated felony means "a theft offense (including receipt of stolen property) or burglary

offense for which the term of imprisonment [is] at least one year").

For the first time on appeal, Cardenas also argues that 8 U.S.C. § 1326(b)(1) and (b)(2) are unconstitutional because they treat the fact of a prior aggravated felony as a sentencing enhancement to be found by a judge, rather than a separate element of the offense to be charged in the indictment.  He acknowledges that his argument is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998), but wishes to preserve the issue for Supreme Court review in light of Apprendi v. New Jersey, 530 U.S. 466 (2000).

Apprendi did not overrule Almendarez-Torres.  See Apprendi, 530 U.S. at 489-90; see also United States v. Dabeit, 231 F.3d 979, 984 (5th Cir. 2000).  This court must therefore follow the precedent set in Almendarez-Torres "unless and until the Supreme Court itself determines to overrule it."  Dabeit, 231 F.3d at 984 (internal quotation and citation omitted).

AFFIRMED.