United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 22, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-41685
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE MIGUEL RODRIGUEZ-MARTINEZ, also known as
Moises Bautista-Tec,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
(L-02-CR-1043-ALL)
--------------------

Before JOLLY, JONES, and WIENER, Circuit Judges.

PER CURIAM:*

Defendant-Appellant Jose Miguel Rodriguez-Martinez ("Rodriguez"), whose true name is Moises Bautista-Tec, appeals from the sentence imposed following his guilty plea to illegal re-entry following deportation, in violation of 8 U.S.C. § 1326(a). The district court applied an eight-level enhancement to Rodriguez's offense level pursuant to U.S.S.G. § 2L1.2(b)(1)(C) because he has a prior theft conviction for which he was sentenced to five years'

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

imprisonment, suspended for two years' probation, 74 days in jail, and a $1,000 fine.

Rodriguez argues that this prior conviction is not an aggravated felony under § 2L1.2(b)(1)(C) because the sentence imposed was not at least one year in prison. Rodriguez relies on Note 1(A)(iv), which provides that "[i]f all or any part of a sentence of imprisonment was probated, suspended, deferred, or stayed, 'sentence imposed' refers only to the portion that was not probated, suspended, deferred, or stayed." Rodriguez contends that, because all of his sentence was probated or suspended except for 74 days, his offense of conviction is not an aggravated felony. Rodriguez concedes that his conviction is an aggravated felony under United States v. Banda-Zamora, 178 F.3d 728, 730 (5th Cir. 1999), but argues that Banda-Zamora is not controlling because it was decided before Note 1(A)(iv) was added to the commentary. He also contends that Note 1(A)(iv) created an ambiguity, as of result of which the question must be resolved in his favor under the "rule of lenity."

We are not persuaded. Note 1(A)(iv) defines the term "sentence imposed" as used in § 2L1.2(b), but that term appears only in § 2L1.2(b)(1)(A) & (B) and is used in distinguishing between various felony drug trafficking offenses. The guideline section at issue here is § 2L1.2(b)(1)(C), which does not use the term "sentence imposed." Note 1(A)(iv) is not applicable in this case. Instead, the definition of "aggravated felony" adopted

2

by the guidelines from 8 U.S.C. § 1101(a), as interpreted in <u>Banda-Zamora</u>, applies, and the calculation considers the period of incarceration without regard to any suspension of the sentence, in whole or in part.  <u>See</u> <u>Banda-Zamora</u>, 178 F.3d at 730; § 2L1.1(b)(1)(C), comment. (n.2).  The fact that Rodriguez's sentence for theft was suspended except for 74 days does not change the fact that it meets the definition of an aggravated felony in § 1101(a)(43).

Rodriguez also argues, for the first time on appeal, that 8 U.S.C. § 1326(b) is unconstitutional because it treats a prior conviction for a felony or aggravated felony as a sentencing factor and not as an element of the offense.  He acknowledges that his argument is foreclosed by <u>Almendarez-Torres v. United States</u>, 523 U.S. 224, 235 (1998), but wishes to preserve the issue for Supreme Court review in light of <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000).  <u>Apprendi</u> did not overrule <u>Almendarez-Torres</u>.  <u>See</u> <u>Apprendi</u>, 530 U.S. at 489-90; <u>see</u> <u>also</u> <u>United States v. Dabeit</u>, 231 F.3d 979, 984 (5th Cir. 2000), and we must follow the precedent set in <u>Almendarez-Torres</u> "unless and until the Supreme Court itself determines to overrule it."  <u>Dabeit</u>, 231 F.3d at 984 (internal quotation and citation omitted).

AFFIRMED.