# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 30, 2008

Charles R. Fulbruge III
Clerk

No. 07-41207
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

MARICELA CANOA-CORRALES,

Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:07-CR-30-1

Before HIGGINBOTHAM, BARKSDALE, and ELROD, Circuit Judges.

PER CURIAM:[*]

Maricela Canoa-Corrales appeals her 18-month sentence following her guilty plea to illegal reentry following deportation. The district court applied an eight level enhancement to Canoa-Corrales's offense level pursuant to U.S. Sentencing Guidelines Manual § 2L1.2(b)(1)(C) because she had a prior theft conviction. Canoa-Corrales argues that this prior conviction is not an aggravated felony under § 2L1.2(b)(1)(C) because her sentence was suspended except for 108 days of time served.

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

The definition of "aggravated felony" adopted by the Guidelines from 8 U.S.C. § 1101(a)(43), as interpreted in United States v. Banda-Zamora, 178 F.3d 728, 730 (5th Cir. 1999), applies, and the calculation considers the period of incarceration without regard to any suspension of the sentence, in whole or in part. See Banda-Zamora, 178 F.3d at 730; § 2L1.2(b)(1)(C) cmt. n.3. The fact that Canoa-Corrales's sentence for theft was suspended except for 108 days does not change the fact that it meets the definition of an aggravated felony in § 1101(a)(43). Thus, the district court did not err in applying the § 2L1.2(b)(1)(C) enhancement. See United States v. Armendariz, 451 F.3d 352, 357 (5th Cir. 2006).

AFFIRMED.