# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 19, 2011

Lyle W. Cayce
Clerk

No. 10-10446
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSE CERVANTES-RAMIREZ,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:09-CR-164-1

Before KING, BENAVIDES, and ELROD, Circuit Judges.

PER CURIAM:[*]

Jose Cervantes-Ramirez appeals his sentence imposed following his guilty plea conviction for being found unlawfully in the United States following his deportation. Cervantes-Ramirez argues that the district court plainly erred in relying solely on the presentence report (PSR) in enhancing his offense level by eight levels for two prior aggravated felony convictions pursuant to U.S.S.G. § 2L1.2(b)(1)(C).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-10446

The Government has filed a motion to dismiss the appeal or for a summary affirmance, arguing that Cervantes's only issue on appeal has been resolved by this court allowing the Government to supplement the records with documents showing his prior aggravated felony convictions. The Government asserts that these documents establish that the enhancement was proper because Cervantes has been twice convicted of theft and was sentenced to serve sentences of imprisonment of more than one year for each offense, making the offenses aggravated felonies.

Cervantes did not object to the eight-level enhancement in the district court. Therefore, review is for plain error. *See Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009). Cervantes is correct that the district court erred in relying solely on the PSR as the basis for the enhancement under § 2L1.2(b)(1)(C). *See United States v. Garza-Lopez*, 410 F.3d 268, 274 (5th Cir. 2005). However, the court has permitted the Government to supplement the record with relevant documents relating to Cervantes's prior theft convictions and reflecting that both convictions resulted in the imposition of a sentence exceeding one year, with the sentences being suspended. *See Shepard v. United States*, 544 U.S. 13, 26 (2005); *United States v. Martinez-Vega*, 471 F.3d 559, 562 & n.2 (5th Cir. 2006). A theft conviction resulting in a one-year sentence is categorized as an aggravated felony, even if the sentence is suspended. *United States v. Banda-Zamora*, 178 F.3d 728, 730 (5th Cir. 1999); 8 U.S.C. § 1101(a)(48)(B).

The state court documents, which are now a part of the record, establish that Cervantes pleaded guilty on two occasions to the offense of theft and that both convictions resulted in the imposition of a sentence exceeding one year. Although the district court erred in relying exclusively on the PSR in making the adjustment, Cervantes has not shown that the error affected his substantial rights because the record now reflects that he has two prior aggravated felony

convictions that support the eight-level enhancement imposed.  Thus, he has failed to demonstrate plain error.  *Puckett*, 129 S. Ct at 1429.

The Government's motion for summary affirmance is GRANTED.  The motion to dismiss the appeal and the motion for an extension of time are DENIED.

AFFIRMED.