# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 8, 2012

No. 11-20288

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MARCOS TULIO ASENCIO-PERDOMO, also known as Marcos Tulio Asencio, also known as Eduardo Sanchez Gonzales, also known as Marcus Asencio,

Defendant - Appellant.

---

Appeal from the United States District Court
for the Southern District of Texas

---

Before REAVLEY, ELROD, and HAYNES, Circuit Judges.

JENNIFER WALKER ELROD, Circuit Judge:

Marcus Tulio Asencio-Perdomo appeals his sentence of 20 months of imprisonment. He argues that the district court erred in applying an eight-level sentencing enhancement because, contrary to the district court's determination, his prior theft conviction is not an aggravated felony under U.S.S.G. § 2L1.2(b)(1)(C). We AFFIRM.

## I.

Asencio-Perdomo is a citizen of El Salvador. In January 2011, he pleaded guilty to unlawful reentry in violation of 8 U.S.C. §§ 1326(a) and 1326(b)(1). The presentence report (PSR) recommended an eight-level aggravated felony

No. 11-20288

enhancement under U.S.S.G. § 2L1.2(b)(1)(C) for Asencio-Perdomo's prior Indiana theft conviction.  For that conviction Asencio-Perdomo received a sentence of one year and six months of imprisonment, but his prison term was suspended in favor of probation.  Based in part on the recommended aggravated felony enhancement, the PSR calculated a total offense level of 13 and an advisory sentencing range of 18 to 24 months.

Asencio-Perdomo objected to the eight-level enhancement at sentencing, arguing that his Indiana conviction does not meet the definition of aggravated felony under U.S.S.G. § 2L1.2(b)(1)(C).  Instead, Asencio-Perdomo argued that he should receive only a four-level enhancement for a prior felony conviction pursuant to U.S.S.G. § 2L1.2(b)(1)(D).  The district court overruled his objection, adopted the PSR's guidelines calculation, and sentenced Asencio-Perdomo to 20 months of imprisonment, two years of supervised release, and a $100 special assessment.  Asencio-Perdomo timely appealed.

II.

Asencio-Perdomo's sole contention on appeal is that the district court erred in determining that his prior Indiana theft conviction is an aggravated felony within the meaning of U.S.S.G. § 2L1.2(b)(1)(C).  We review *de novo* the district court's interpretation or application of the Sentencing Guidelines.  *United States v. Lige*, 635 F.3d 668, 670 (5th Cir. 2011).

As our precedent recognizes, "[t]he commentary [to U.S.S.G. § 2L1.2(b)(1)(C)] defines 'aggravated felony' by reference to 8 U.S.C. § 1101(a)(43)."  *United States v. Banda-Zamora*, 178 F.3d 728, 729 (5th Cir. 1999).  Section 1101, in turn, defines "aggravated felony" to include "a theft offense . . . for which the term of imprisonment [*sic*] at least one year."[1]  8 U.S.C.

---

[1] We have previously observed that "[t]his phrase is missing a verb."  *Banda-Zamora*, 178 F.3d at 729 (discussing the same phrase in 8 U.S.C. § 1101(a)(43)(F)).  In *Banda-Zamora*,

No. 11-20288

§ 1101(a)(43)(G). The central question we must resolve is one of first impression in this circuit: whether the quoted phrase refers to an offense's statutory minimum term of imprisonment or the actual sentence imposed on a particular defendant.

Asencio-Perdomo takes that view that the language "term of imprisonment" in § 1101(a)(43)(G) means the mandatory minimum sentence for an offense. He contends that this is the best reading of the statute because the relevant text "refers to the 'term of imprisonment' for a given 'offense' rather than the 'sentence' imposed on a particular 'defendant.'" Based on his reading of § 1101(a)(43)(G), Asencio-Perdomo concludes that the district court erred in classifying his Indiana theft conviction as an aggravated felony. This is because although Asencio-Perdomo was sentenced to a year and six months of imprisonment, the Indiana offense for which he was convicted provides for a minimum prison sentence of only one-half of a year. *Compare* Ind. Code § 35-43-4-2(a) (theft of less than $100,000 is a Class D felony) *with* § 35-50-2-1(c) (minimum sentence for a Class D felony is one-half of a year). Thus, on Asencio-Perdomo's view, he was not convicted of "a theft offense . . . for which the term of imprisonment [is] at least one year." 8 U.S.C. § 1101(a)(43)(G).

Despite having some superficial plausibility, Asencio-Perdomo's interpretation of § 1101(a)(43)(G) is incorrect. It does not persuasively account for § 1101(a)(48)(B), which provides:

> Any reference to a term of imprisonment or a sentence with respect to an offense is deemed to include the period of incarceration or confinement ordered by a court of law regardless of any suspension of the imposition or execution of that imprisonment or sentence in whole or in part.

---

we upheld this definitional phrase against a challenge that it is unconstitutionally vague, and we noted and that "the missing verb is probably 'is.'" *Id.* at 729–30.

3

No. 11-20288

Asencio-Perdomo insists that his interpretation is "not inconsistent" with § 1101(a)(48)(B) because that definition refers to a term of imprisonment with respect to an offense rather than with respect to a defendant. But that reading ignores the operative language of § 1101(a)(48)(B), which defines "term of imprisonment . . . to include the period of incarceration or confinement ordered by a court of law." Unlike Asencio-Perdomo, we read this language straightforwardly and hold that the phrase "term of imprisonment" in § 1101(a)(43)(G) refers to the actual sentence imposed. In so holding, we agree with each of our sister circuits to have confronted this question. *See United States v. Pacheco*, 225 F.3d 148, 153–54 (2d Cir. 2000); *United States v. Guzman-Bera*, 216 F.3d 1019, 1020 (11th Cir. 2000) (per curiam); *Alberto-Gonzalez v. INS*, 215 F.3d 906, 909 (9th Cir. 2000); *United States v. Graham*, 169 F.3d 787, 790 (3d Cir. 1999).

Asencio-Perdomo is also wrong to suggest that his interpretation of § 1101(a)(43)(G) is implicit in our prior decisions in *Banda-Zamora* and *United States v. Mondragon-Santiago*, 564 F.3d 357 (5th Cir. 2009). Both of these cases articulate the rule that a prior conviction is not an aggravated felony within the meaning of § 1101(a)(43)(G)[2] where the actual sentence imposed was "for probation in the first instance without any imprisonment contemplated." *Mondragon-Santiago*, 564 F.3d at 368 (citing *Banda-Zamora*, 178 F.3d at 730). By contrast, "[i]f the sentencing court orders imprisonment and then suspends it, the sentence counts under [§ 1101(a)(43)(G)] for determining if the term of imprisonment is at least one year in duration." *Id.* *Banda-Zamora* and *Mondragon-Santiago* cut against rather than in favor of Asencio-Perdomo's

---

[2] *Banda-Zamora* and *Mondragon-Santiago* interpreted the definition of aggravated felony in § 1101(a)(43)(F) rather than § 1101(a)(43)(G). That difference is immaterial, however, because the language at issue is exactly the same in each provision. Section 1101(a)(43)(F) defines "aggravated felony" to include "a crime of violence . . . for which the term of imprisonment [*sic*] at least one year."

No. 11-20288

interpretation because they focus on the characteristics of the actual sentence imposed in assessing whether a prior conviction is an aggravated felony.[3]

AFFIRMED.

---

[3] Asencio-Perdomo also observes that he was indicted and convicted under 8 U.S.C. § 1326(b)(1) rather than § 1326(b)(2). Section 1326(b)(1) establishes the criminal penalties for illegal reentry by aliens "whose removal was subsequent to a conviction for commission of three or more misdemeanors involving drugs, crimes against the person, or both, or a felony (*other than an aggravated felony*)" (emphasis added). Section 1326(b)(2) sets forth the penalties for illegal reentry by aliens "whose removal was subsequent to a conviction for commission of an aggravated felony." Asencio-Perdomo does not cite any authority for how this observation is relevant to our analysis. Thus, to the extent he intended it as an argument and not merely an observation, it is inadequately briefed and is hence forfeited. *See Tex. Midstream Gas Servs., LLC v. City of Grand Prairie*, 608 F.3d 200, 206 (5th Cir. 2010). Even assuming *arguendo* that we could construe this observation as an argument that an aggravated felony sentencing enhancement is impermissible here given the statutory provision under which Asencio-Perdomo was indicted and convicted, Asencio-Perdomo waived this argument by not presenting it to the district court and our review is for plain error only. *See United States v. Davis*, 603 F.3d 303, 307 (5th Cir. 2010). Asencio-Perdomo therefore bears the burden of proving (1) error, (2) that is plain, and (3) that affects his substantial rights. *United States v. Olano*, 507 U.S. 725, 733–34 (2003). Yet Asencio-Perdomo does not even attempt to argue that he satisfies this test. Even if he could, we would still have to proceed to the fourth prong of the plain error test, which affords us "the *discretion* to remedy the error—discretion which ought to be exercised only if the error seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *Puckett v. United States*, 556 U.S. 129, 135 (2009) (internal quotation marks omitted). We do not believe this case warrants the exercise of our discretion. *See United States v. Ellis*, 564 F.3d 370, 378–79 (5th Cir. 2009) ("To conclude that not correcting the error claimed here casts doubt upon the fairness, integrity, or public reputation of the proceeding drains all content from the doctrine of plain error.").