The defendant appeals from the denial of his motion to withdraw his guilty pleas and for a new trial, brought pursuant to Padilla v. Kentucky, 559 U.S. 356 (2010), and Commonwealth v. Clarke, 460 Mass. 30 (2011). He argues that he should have been permitted to withdraw his 2009 guilty pleas because his plea counsel was ineffective in failing to provide accurate advice regarding the immigration consequences of his pleas. The defendant also appeals from the denial of his motion to reconsider the denial of his initial motion.[2] We vacate the order denying the initial motion and remand the case for further proceedings.
Background. The defendant, a citizen of Haiti and a lawful permanent resident of the United States, was indicted on March 13, 2009, for assault and battery by means of a dangerous weapon, G. L. c. 265, § 15A ; and assault with intent to rob, G. L. c. 265, § 20, both arising from an attempted robbery. At the plea colloquy[3] held on September 21, 2009, the judge told the defendant that if his guilty pleas were accepted, the judge would "place [him] on probation, eighteen months' suspended sentence, and then [he'd] have probation, where [he] could possibly go to [S]tate prison if [he] violate[d] it."[4] The judge then asked the defendant if he still wished to go ahead with his plea, and the defendant said that he did. The judge accepted the pleas and sentenced the defendant on the first count to eighteen months in the house of correction, suspended during a three-year term of probation, and on the second count to a concurrent three-year term of probation.
Based on the sentences actually imposed, the conviction of assault and battery by means of a dangerous weapon offense was an "aggravated felony,"[5] providing a basis under Federal law for removal (i.e., deportation) from the United States.[6] In 2015, while the defendant was returning from a trip to Haiti, U.S. Customs and Border Protection officials stopped him and initiated removal proceedings.
In 2016, the defendant filed a motion to withdraw his plea and for a new trial, pursuant to Mass.R.Crim.P. 30(b), as appearing in 435 Mass. 1501 (2001). At an evidentiary hearing, the motion judge (who had not been the plea judge) accepted in evidence (1) the recording of the defendant's 2009 plea colloquy; (2) affidavits from the defendant,[7] his step-mother,[8] and the defendant's plea counsel,[9] and (3) testimony by the prosecutor who had represented the Commonwealth at the 2009 plea hearing.[10]
The defendant's affidavit stated that plea counsel "never spoke to [him] about the immigration consequences," and that "[i]f [he] had known that [he] was giving up [his] life in the United States by signing this plea agreement, [he] would have taken [his] chances and gone to trial." Plea counsel's affidavit, on the other hand, stated that he had advised the defendant of the "very generous offer of probation and a suspended 18 month jail sentence which would likely result in deportation" (emphasis supplied).[11] Plea counsel further stated that "every time" he met with the defendant in court, he informed the defendant of "the potential of a deportation hearing and deportation if he plead[ed] guilty to the indictments, or if he went to trial and lost, then he could expect a maximum of 20 years in [State] prison with a certainty of deportation based on his convictions" (emphasis supplied).
The judge issued findings of fact crediting counsel's statements over the defendant's. He ruled that counsel's advice had not been deficient and, thus, without reaching the question whether the defendant had been prejudiced by that advice, denied the defendant's motion. The judge also denied the defendant's subsequent motion to reconsider. This appeal followed.
Discussion. "A postsentence motion to withdraw a plea is treated as a motion for a new trial." Commonwealth v. Conaghan, 433 Mass. 105, 106 (2000). We review a judge's decision denying such a motion "only to determine whether there has been a significant error of law or other abuse of discretion." Commonwealth v. Grace, 397 Mass. 303, 307 (1986). In addition, we review an ineffective assistance of counsel claim under the two-prong analysis set forth in Commonwealth v. Saferian, 366 Mass. 89, 96 (1974).
Removal from the United States of a noncitizen who is convicted of an aggravated felony is "practically inevitable," Commonwealth v. Gordon, 82 Mass. App. Ct. 389, 398 (2012), quoting from Padilla, 559 U.S. at 364, or "presumptively mandatory." Commonwealth v. Chleikh, 82 Mass. App. Ct. 718, 725 (2012), quoting from Padilla, supra at 369. Accordingly, counsel "was obligated to provide to his client, in language that the client could comprehend, the information that presumptively mandatory deportation would have been the legal consequence of pleading guilty. Stated differently, counsel needed to convey that, if Federal authorities apprehended the defendant, deportation would be practically inevitable." Commonwealth v. DeJesus, 468 Mass. 174, 181 (2014).
Here, counsel advised that a plea carried "a high probability" of, or "would likely result" in, deportation. Significantly, however, counsel also advised the defendant of "the potential of a deportation hearing and deportation" if he pleaded guilty, whereas if he went to trial and was convicted, he faced "a certainty of deportation." This contrasting advice, although rendered prior to Padilla, was misleading, in that the defendant's pleading guilty to a charge that he knew would result in an eighteen-month suspended sentence made deportation no less likely than had he gone to trial and been convicted. Although the Supreme Judicial Court has "not dictate[d] the precise language that must be employed, as each case will present different circumstances," DeJesus, 468 Mass. at 181 n.5, we conclude that plea counsel's advice here, although rendered prior to Padilla, was deficient, failing the first prong of Saferian, 366 Mass. at 96.[12]
The remaining question is whether the defendant was prejudiced by the deficient advice. See ibid. The Supreme Judicial Court has explained the defendant's "substantial burden" in these circumstances, requiring one of three showings:
"(1) he had an 'available, substantial ground of defence,' that would have been pursued if he had been correctly advised of the dire immigration consequences attendant to accepting the plea bargain; (2) there is a reasonable probability that a different plea bargain (absent such consequences) could have been negotiated at the time; or (3) the presence of 'special circumstances' that support the conclusion that he placed, or would have placed, particular emphasis on immigration consequences in deciding whether to plead guilty."
Clarke, 460 Mass. at 47-48 (quotations and footnote omitted).
In this case, while an evidentiary hearing was held, because the motion judge concluded that defense counsel's advice was sufficient, he did not reach the question of prejudice. It now remains for the judge to resolve that issue, and in doing so, to take such additional relevant evidence regarding prejudice as the parties may offer. See Commonwealth v. Lavrinenko, 473 Mass. 42, 43 (2015).
Conclusion. The order denying the motion to withdraw the guilty pleas is vacated, and the case is remanded to the Superior Court for further proceedings consistent with this memorandum and order.
So ordered.
Vacated and remanded.

Because of our disposition, we do not separately consider or act on the denial of the defendant's motion for reconsideration.

The plea hearing was recorded but never transcribed. The recordings are part of the record.

Defense counsel orally clarified that the probation term would be three years.

"An aggravated felony, according to 8 U.S.C. § 1101(a)(43)(F) (2006), includes a crime of violence for which one is sentenced to at least one year of imprisonment." Commonwealth v. Gordon, 82 Mass. App. Ct. 389, 397 (2012) (footnote omitted). See United States v. Guzman-Bera, 216 F.3d 1019, 1020 (11th Cir. 2000) ("an aggravated felony is defined by the sentence actually imposed," citing United States v. Graham, 169 F.3d 787, 790-791 [3rd Cir.], cert. denied, 528 U.S. 845 [1999] ). We need not decide whether a conviction of assault with intent to rob that resulted in a sentence of straight probation qualifies as an aggravated felony. But see Guzman-Bera, 216 F.3d at 1021, quoting from United States v. Banda-Zamora, 178 F.3d 728, 730 (5th Cir. 1999) ("[W]hen a court does not order a period of incarceration and then suspend it, but instead imposes probation directly, the conviction is not an 'aggravated felony' ").

Any noncitizen convicted of an "aggravated felony" is deportable, 8 U.S.C. § 1227(a)(2)(A)(iii) (2012), and "shall, upon the order of the Attorney General, be removed." 8 U.S.C. § 1227(a).

At the time of the hearing, the defendant was in Federal custody based on the pending removal proceedings and was not present. The defendant's removal was ordered by a judge of the United States Immigration Court on March 17, 2016.

The motion judge did not reference the step-mother's affidavit in his decision.

Plea counsel had retired and relocated out of State; the judge agreed to accept his affidavit in lieu of live testimony.

The judge invited defense counsel to have the prosecutor sworn, which defense counsel declined.

Counsel also stated that his practice was to discuss immigration consequences with his clients, and to inform them that "they may be deported if they are found guilty or enter a plea to an aggravated felony." We note that when counsel advised the defendant in 2009, he did not have the benefit of Padilla, decided in 2010. Nonetheless, Padilla is to be applied retroactively to criminal convictions obtained after April 1, 1997. See Commonwealth v. Sylvain, 466 Mass. 422, 423-424 (2013).

Although the plea judge properly administered the immigration warning required by G. L. c. 278, § 29D, and the motion judge found that the defendant had signed a plea form notifying him of deportation as a possible consequence, such warnings are, as the judge recognized, "not an adequate substitute for defense counsel's professional obligation to advise [his] client of the likelihood of specific and dire immigration consequences that might result from such a plea." DeJesus, 468 Mass. at 177 n.3, quoting from Clarke, 460 Mass. at 48 n.20.