# United States Court of Appeals for the Fifth Circuit

———————

No. 24-40362
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**
June 17, 2025

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

ADRIAN SILVA-CERNA,

*Defendant—Appellant*.

———————————————————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:23-CR-539-1

———————————————————

Before BARKSDALE, HAYNES, and WILSON, *Circuit Judges*.

PER CURIAM:[*]

Adrian Silva-Cerna appeals his conviction and within-Guidelines 33-month sentence for illegal reentry. He contends the district court plainly erred in imposing judgment under 8 U.S.C. § 1326(b)(2) based on a determination that his 1992 Florida aggravated-assault conviction was an aggravated felony.

———————————

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 24-40362

Silva did not preserve this issue in district court (as he also concedes). Because he did not preserve the issue, review is only for plain error. *E.g.*, *United States v. Broussard*, 669 F.3d 537, 546 (5th Cir. 2012). Under that standard, he must show a forfeited plain error (clear-or-obvious error, rather than one subject to reasonable dispute) that affected his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes that showing, we have the discretion to correct the reversible plain error, but generally should do so only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings". *Id.* (citation omitted).

As the Government correctly concedes, Silva's Florida conviction should not have been characterized as an aggravated felony because the record does not show that a term of imprisonment of at least one year was imposed. *See* 8 U.S.C. § 1101(a)(43)(F); *United States v. Asencio-Perdomo*, 674 F.3d 444, 446–47 & n.2 (5th Cir. 2012) (interpreting "term of imprisonment" in § 1101(a)(43)(F) and (a)(43)(G) to refer to the actual sentence imposed).

Further, contrary to the Government's contention, we cannot affirm on the alternative basis of Silva's 2022 Texas conviction for aggravated assault with a deadly weapon because the applicable state statute criminalizes assaults committed with a *mens rea* of recklessness. *See United States v. Gomez Gomez*, 23 F.4th 575, 576–78 (5th Cir. 2022) (concluding a Texas aggravated-assault conviction was not an aggravated felony under § 1101(a)(43)(F) and 18 U.S.C. § 16(a) for the purposes of § 1326(b)(2) because the state statute was indivisible and criminalized assaults committed with a reckless mental state); *Borden v. United States*, 593 U.S. 420, 423–24 (2021) (aggravated assault requiring only *mens rea* of recklessness does not qualify, under similar crime-of-violence definition, as offense that "has as an element the use, attempted use, or threatened use of physical force against

2

the person of another"). Accordingly, the record lacks an appropriate predicate conviction to support application of 8 U.S.C. § 1326(b)(2).

Because a conviction under § 1326(b)(2) could carry collateral consequences, the error affects Silva's substantial rights and we exercise our discretion to correct it. *See United States v. Rodriguez-Flores*, 25 F.4th 385, 390–91 (5th Cir. 2022) (concluding, under similar facts, that district court judgment constituted plain error and appropriate remedy was to remand to reflect conviction and sentencing under § 1326(b)(1)).

VACATED; REMANDED to reform the judgment to reflect conviction and sentencing under 8 U.S.C. § 1326(b)(1).